# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN DOE,<br>Address Withheld,<br><br>    Plaintiff,<br><br>  v.<br><br>PRINCETON UNIVERSITY,<br>Princeton, NJ 08544<br><br>    Defendant. | **Civil Action No. 3:22-cv-05887**<br><br><br>**Motion Day: Nov. 7, 2022** |

### MEMORANDUM OF LAW IN SUPPORT OF JOHN DOE'S MOTION TO PROCEED UNDER PSEUDONYM

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................................. ii

**ARGUMENT** ........................................................................................................ 2

    **I. The Six Factors Favoring Pseudonymity Weigh Heavily in Favor of Granting the Motion.** ............................................................................... 5

        1. The extent to which the identity of the litigant has been kept confidential. 5

        2. The basis upon which disclosure is feared and the substantiality of that basis ................................................................................................... 6

        3. The magnitude of the public interest in maintaining the confidentiality of the litigant's identity. ........................................................................ 8

        4. Whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities. ............................................................................. 9

        5. The undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified ........................................................................................... 10

        6. Whether the party seeking to sue pseudonymously has illegitimate ulterior motives. ............................................................................................. 11

    **II. The Three Factors Tending to Disfavor Pseudonymity Do Not Counsel Denying the Motion.** ............................................................................ 11

        1. The universal level of public interest in access to the identities of litigants ............................................................................................. 11

        2. Whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained ................................................................ 12

        3. Whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated ................................................................. 12

    **CONCLUSION** .............................................................................................. 14

## TABLE OF AUTHORITIES

Page(s)

Cases

*Doe v. Alger, et al.,*
  175 F.Supp.3d 646 (W.D. Va. 2016) ................................................................ 4

*Doe v. Amherst College*,
  238 F.Supp.3d 195 (D. Mass 2017) ................................................................. 4

*Doe v. Brown University,*
  166 F.Supp.3d 177 (D.R.I. 2016) ..................................................................... 4

*Doe v. Clark University,*
  No. 4:15-cv-40113-TSH (D. Mass filed Aug. 4, 2015) ..................................... 4

*Doe v. College of Wooster, et al.*,
  No. 5:17-cv-323-SL (N.D. Ohio filed Feb. 16, 2017) ....................................... 4

*Doe v. Columbia University,*
  101 F.Supp.3d 356 (S.D.N.Y. 2015) ................................................................ 4

*Doe v. Felician University*,
  No. 2:18-CV-13539-ES-SCM, 2019 WL 2135959 (D.N.J. May 15, 2019) ....... 12

*Doe v. Massachusetts Institute of Technology*,
  46 F.4th 61 (1st Cir. 2022) ............................................................................... 4

*Doe v. Marietta College,*
  No. 2:15-CV-02816 (S.D. Ohio filed Sept. 10, 2015) ....................................... 4

*Doe v. Miami University,*
  247 F.Supp.3d 875 (S.D. Ohio 2017) ............................................................... 4

*Doe v. Middlebury College.,*
  No. 1:15-cv-192-jgm, 2015 WL 5488109 (D. Vt. Sept. 16, 2015) .................... 4

*Doe v. Megless*, 654 F.3d 404 (3d Cir. 2011) ............................................... passim

*Doe v. Oberlin Coll.*,
  No. 1:17-cv-1335, 2018 WL 10809986 (N.D. Ohio Feb. 26, 2018) .................. 4

*Doe v. Ohio State University,*
  No. 2:16-cv-171, 2018 WL 4958958 (S.D. Ohio Oct. 15, 2018) ......................... 4

*Doe v. Princeton University*,
  No. CV 19-7853 (BRM), 2019 WL 5587327 (D.N.J. Oct. 30, 2019) ................. 11

*Doe v. Princeton University*,
  No. CV 20-4352 (BRM), 2020 WL 3962268 (D.N.J. July 13, 2020) ............... 3, 8

*Doe v. Reed Institute,*
  No. 3:15-cv-00617 (D. Or. filed Apr. 14, 2015) .................................................... 4

*Doe v. Regional School Unit No. 21*,
  No. 2:19-00341-NT, 2020 WL 2833248 (D. Me. May 29, 2020) ..................... 3, 5

*Doe v. Rutgers*,
  No. 2:18-CV-12952-KM-CLW, 2019 WL 1967021 (D.N.J. Apr. 30, 2019) ....... 9

*Doe v. Swarthmore College*,
  No. 14-532, 2014 WL 5320622 (E.D. Pa. filed Jan. 23, 2014) .............................. 3

*Doe v. Williams Coll.*,
  No. 1:2013-cv-11740 (D. Mass filed July 19, 2013) ............................................ 4

*Doe v. The Rector & Visitors of George Mason University*,
  179 F. Supp. 3d 583 (E.D. Va. 2016) ..................................................... 4, 6, 9, 10

*Doe v. Trustees of Boston College,.*
  No. 15-cv-10790-DJC, 2015 WL 9048225 (D. Mass Dec. 16, 2015) ................... 4

*Doe v. Trustees of Dartmouth College*,
  Civ. No. 18-cv-040-LM, 2018 WL 2048385 (D.N.H. May 2, 2018) ................... 4

*Doe v. University of Cincinnati,*
  No. 1:15-cv-600, 2015 WL 5729328 (S.D. Ohio Sept. 16, 2015) ......................... 4

*Doe v. University of Colorado, Boulder,*
  No. 14-3027 (D. Colo. filed Nov. 7, 2014) ........................................................... 4

*Doe v. University of Scranton*,
  No. 3:19CV1486, 2020 WL 1244368 (M.D. Pa. Mar. 16, 2020) ............. 6, 10, 12

*Doe v. University of South Carolina*,
  No. 3:18-161-TLW-PJG, 2018 WL 1215045 (D.S.C. Feb. 12, 2018).................. 6

*Doe v. University of South Florida Board of Trustees,*
  No. 8:15-cv-682-T-30EAJ, 2015 WL 3453753 (M.D. Fla. May 29, 2015) ......... 4

*Doe v. University of St. Thomas*,
  No. 16-cv-1127-ADM, 2016 WL 9307609 (D. Minn. May 25, 2016)................. 8

*Doe v. University of the South*,
  687 F.Supp.2d 744 (E.D. Tenn. 2009) .................................................................. 4

*Doe v. Washington and Lee University,*
  No. 6:14-CV-00052, 2015 WL 4647996 (W.D. Va. 2016) .................................. 4

This matter involves highly sensitive and private information about John Doe and Jane Roe. John Doe was found by the defendant to have sexually assaulted Jane Roe, and the topic of campus sexual misconduct is at the forefront of the national consciousness. The mere allegation of sexual assault is often enough to tarnish one's name and subject one to emotional and even physical abuse. If he were to bring this action using his real name, John Doe risks facing severe and potentially permanent consequences, even if he succeeds in this litigation.

The public's interest in the issues at stake in this matter does not turn on the identity of John Doe or his accuser, and the defendant is already aware of the true identity of John Doe, Jane Roe, and the other Princeton University students whose identities John Doe seeks to protect. Neither Princeton's ability to defend itself in this suit nor the public appreciation of the issues at stake will not be hindered by the granting of this motion. Princeton went to great lengths to protect the identities of John Doe, Jane Roe, and its other students in the disciplinary proceedings underlying this suit, even going as far as to anonymize them in nearly all of the documents in those internal proceedings. Princeton accordingly has stated that it takes no position on the relief requested in this motion and will not file an opposition to it.

# ARGUMENT

As a general rule, court "proceedings should be public." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011). But "[w]hen a litigant sufficiently alleges that he or she has a reasonable fear of severe harm from litigating without a pseudonym, courts of appeals are in agreement that district courts should balance a plaintiff's interest and fear against the public's strong interest in an open litigation process." *Id.* To that end, courts in this Circuit apply a list of nine non-exhaustive factors to determine whether pseudonymity is warranted in a given case. *Id.* at 409. Six of those factors, when present, weigh in favor of pseudonymity:

(1) "the extent to which the identity of the litigant has been kept confidential";

(2) "the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases";

(3) "the magnitude of the public interest in maintaining the confidentiality of the litigant's identity";

(4) "whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities";

(5) "the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified";

(6) "whether the party seeking to sue pseudonymously has illegitimate ulterior motives";

*Id.* The other three factors, when present, weigh against pseudonymity:

(1) "the universal level of public interest in access to the identities of litigants";

(2) "whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained"; and

(3) "whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated."

*Id.* Beyond those nine, courts may "consider those [other] factors which the facts of the particular case implicate." *Id.*

Courts applying those factors regularly grant pseudonymity to students alleging that their schools wrongly disciplined them for sexual misconduct. *See, e.g., Doe v. Princeton Univ.*, No. CV 20-4352 (BRM), 2020 WL 3962268, at *1 (D.N.J. July 13, 2020) (granting motion to proceed anonymously); *Doe v. Pa. State Univ.*, 4:15-cv-02072-MWB (M.D. Pa. filed Oct. 26, 2015) (same); *Doe v. Swarthmore Coll.*, No. 2:14-cv-00532-SD (E.D. Pa. filed Jan. 23, 2014) (same). Until very recently, courts in the First Circuit also used this Circuit's nine-factor test, *see Reg'l Sch. Unit No. 21,* 2020 WL 2833248 at *2 (D. Me. May 29, 2020) (documenting reliance), and they, too, regularly granted pseudonym protection to

students like John Doe.[1]  Numerous other courts, applying similar tests, have done the same.[2]

---

[1] *See, e.g.*, *Dartmouth Coll.*, 2018 WL 2048385, at *7 (granting motion to proceed under pseudonym of college-aged male accused of sexual misconduct); *Doe v. Brown Univ.*, 1:15-cv-144-S-LDA (D.R.I. filed Apr. 13, 2015) (same); *Doe v. Williams Coll.*, No. 1:2013-cv-11740 (D. Mass. filed July 19, 2013) (allowing plaintiff to proceed pseudonymously and granting motion for protective order).  In August of this year, the First Circuit formally adopted its own test for weighing requests for pseudonymity, in a case reversing a lower court's denial of pseudonym protection to a student accused of sexual misconduct.  *Doe v. M.I.T.*, 46 F.4th 61, 77 (1st Cir. 2022).

[2] *See, e.g.*, *Doe v. Oberlin Coll.*, No. 1:17-cv-1335 (N.D. Ohio filed June 23, 2017) (allowing plaintiff to proceed under pseudonym and to shield identities of his accuser and other students); *Doe v. College of Wooster*, No. 5:17-cv-323-SL (N.D. Ohio filed Feb. 16, 2017) (granting plaintiff disciplined for sexual misconduct permission to proceed under pseudonym); *Doe v. Ohio State Univ.*, No. 2:15-cv-02830-GLF-TPK (S.D. Ohio filed Sept. 15, 2015) (same); *Doe v. Columbia Univ.*, No. 14-cv-3573 (S.D.N.Y. filed May 19, 2014) (same); *Doe v. Washington & Lee Univ.*, No. 6:14-cv-00052-NKM-RSB (W.D. Va. filed Dec. 12, 2014) (same); *Doe v. Reed Inst.*, No. 3:15-cv-617-MO (D. Or. filed Apr. 14, 2015) (granting unopposed motion to proceed pseudonymously); *Doe v. Trs. of Boston Coll.*, 1:15-cv-10790-DJC (D. Mass. filed Mar. 11, 2015) (same); *Doe v. Amherst Coll.*, No. 3:15-cv-30097-MGM (D. Mass. filed May 29, 2015) (same); *Doe v. Univ. of Colo., Boulder*, No. 14-3027 (D. Colo. filed Nov. 7, 2014) (proceeding pseudonymously throughout case); *Doe v. Univ. of S. Fla. Bd. of Trs.*, No. 8:15-cv-682-JSM-EAJ (M.D. Fla. filed Mar. 25, 2015) (same); *Doe v. Univ. of Cincinnati*, No. 1:15-cv-600-TSB (S.D. Ohio filed Sept. 16, 2015) (same); *Doe v. Marietta Coll.*, 2:15-cv-02816-EAS-TPK (S.D. Ohio filed Sept. 10, 2015) (same); *Doe v. Alger*, 5:15-cv-35-EKD-JCH (W.D. Va. filed May 5, 2015) (currently proceeding pseudonymously); *Doe v. Middlebury Coll.*, 1:15-cv-192-JGM (D. Vt. filed Aug. 28, 2015) (same); *Doe v. Miami Univ.,* 1:15-cv-605-MRB (S.D. Ohio filed Sept. 17, 2015) (same); *Doe v. Clark Univ.*, No. 4:15-cv-40113-TSH (D. Mass. filed Aug. 4, 2015) (same); *Doe v. The Rector & Visitors of George Mason Univ.*, 1:15-cv-209-TSE/MSN (E.D. Va. filed Feb. 18, 2015) (same); *Doe v. Univ. of the South*, 687 F. Supp. 2d 744, 764 (E.D. Tenn. 2009) (upholding magistrate's order

Here, the nine factors considered in this Circuit weigh heavily in favor of granting the motion.

## I. The Six Factors Favoring Pseudonymity Weigh Heavily in Favor of Granting the Motion.

As to the first six factors identified in *Megless*, all six weigh in favor of granting the unopposed motion.

1. *The extent to which the identity of the litigant has been kept confidential*.  John Doe and Princeton have both taken significant steps to ensure that Doe's name, and the names of the other students involved in the underlying disciplinary matters, remain confidential.  Princeton left its students' actual names out of the vast majority of the documents shared with the parties in those proceedings, which proceedings were themselves meant to be confidential. Besides that double layer of protection imposed by Princeton, Doe has never spoken publicly about the case. His and Roe's identities are not "widely known beyond [their] social circles or among the general public, *Reg'l Sch. Unit No. 21*, 2020 WL 2833248 at *3, and "[t]he record provides no indication that since initiating this lawsuit plaintiff has waived his claim on anonymity by allowing

---

allowing college-aged male accused of sexual misconduct by female student to proceed under pseudonym).

others to discover his true name," *Doe v. Univ. of Scranton*, No. 3:19CV1486, 2020 WL 1244368, at *2 (M.D. Pa. Mar. 16, 2020).

Accordingly, the first factor weighs heavily in favor of allowing Mr. Doe to proceed under a pseudonym.

2.  <u>*The basis upon which disclosure is feared and the substantiality of that basis*</u>.  Discussions of sexual misconduct—and, in particular, sexual misconduct involving students—generate strong emotions.  While the fact "[t]hat a plaintiff may suffer embarrassment or economic harm is not enough" by itself to warrant pseudonymity, *Megless*, 654 F.3d at 408, much more than mere embarrassment is at stake for those accused of sexual misconduct—especially sexual assault.  As even a casual tour of social media will confirm, discussions of sexual misconduct frequently include personal attacks on the parties involved in specific instances of alleged wrongdoing—both accuser and accused.  *See, e.g.*, *Doe v. The Rector & Visitors of George Mason Univ.*, 179 F. Supp. 3d 583, 593 (E.D. Va. 2016) ("Plaintiff has been accused of sexual misconduct, the mere accusation of which, if disclosed, can invite harassment and ridicule. . . . [I]t is possible that plaintiff could be targeted for 'retaliatory physical or mental harm' based on the accusations alone.").[3]  In a case at Columbia University, for example,

---

[3] *See also Doe v. Univ. of S.C.*, 2018 WL 1215045, at *1 (D.S.C. Feb. 12, 2018) ("Doe has demonstrated compelling interests in anonymity in this matter because

6

a student who was *cleared* of disciplinary charges of sexual misconduct was nonetheless "ostracized by classmates, dropped from extracurricular activities, and targeted via social-media threats."[4] And when Duke lacrosse players were falsely accused of rape in 2006, "the team was subject to social ostracism on campus, including a public letter from 88 Duke faculty members thanking student protestors who had, among other suggestions, called for the team captains to be castrated."[5]

Doe's case, furthermore, does not involve conduct that a university might categorize as "sexual assault" but which the criminal law would not. As detailed in the Complaint, Jane Roe (falsely) accused him of (1) forcibly making her perform oral sex on him against her physical resistance as she literally gagged, *see* Compl. ¶7; and (2) a year later, ignoring her as she allegedly said "no" ten or more times and forcing her to again perform oral sex on him, and also forcing her to engage in vaginal sex, *see id.* ¶4. Those are among the most egregious kinds of sexual assault one can allege and would have been criminal if they had actually happened.

---

of the personal and sensitive nature of the underlying facts of this case, which involve allegations of sexual assault.").

[4] Cathy Young, Op-Ed., Campus sexual assault stories have two sides, Newsday, Apr. 27, 2015, http://www.newsday.com/opinion/columnists/cathy-young/campus-sexual-assault-stories-have-two-sides-1.10339045.

[5] Press Release, Columbia Law School, Unlearning Due Process? (Apr. 21, 2015), https://www.law.columbia.edu/media_inquiries/news_events/2015/april2015/due-process.

Pseudonymity is warranted for that reason. *See Megless*, 654 F.3d at 410 ("Because the flyer neither accused Doe of criminal behavior or mental illness, nor disclosed highly sensitive personal information, he did not demonstrate that disclosing his identity would cause him substantial 'irreparable harm.'"). The fact that Doe was barely an adult at the time of that alleged terrible conduct warrants it all the more. *See, e.g.*, *Doe v. Univ. of St. Thomas*, 2016 WL 9307609, at *1-2 (D. Minn. May 25, 2016) (granting motion to proceed under pseudonym in part because "[t]he complaint and its supporting documents describe very private sexual acts, whether consensual or not, between two young college students") (citations omitted).

Accordingly, the second factor also weighs in favor of granting the motion.

3.     *The magnitude of the public interest in maintaining the confidentiality of the litigant's identity*. There is a strong public interest in maintaining the confidentiality of litigants like John Doe and involved parties like Jane Roe and the student witnesses, because of the sensitive and highly private nature of the facts. *See Doe v. Princeton Univ.*, No. CV 20-4352 (BRM), 2020 WL 3962268, at *4 (D.N.J. July 13, 2020) ("The public may have an interest in maintaining a litigant's confidentiality when the litigant belongs to a particularly vulnerable class, when the subject matter is highly personal, or when undesirable consequences will flow from revealing the identity of a litigant."); *Doe v. Trs. of Univ. of Pa.*, No. 2:16-cv-

8

05088-JP (E.D. Pa. Sept. 26, 2016) (finding that the public interest favored anonymity in light of the private and sensitive nature of the matter). As to John Doe in particular, there is a substantial basis for litigants like him to fear disclosure of their identities, as discussed above. *See, e.g.*, *Doe v. The Rector & Visitors of George Mason Univ.*, 179 F. Supp. 3d at 593 (recognizing how the "mere allegation" of sexual misconduct can "invite harassment and ridicule"). That fear of being publicly associated with so prejudicial an allegation understandably deters countless disciplined students from filing suit under their own names; the sheer number of such litigants who seek to bring such claims pseudonymously is evidence of how important that protection is to litigants like Mr. Doe. *See supra* nn. 1-2. Without pseudonymity, "other[s] similarly situated [will] be deterred from litigating claims . . . the public would like to have litigated[.]". *Megless*, 654 F.3d at 410.

Accordingly, the third factor also weighs heavily in favor of granting the motion.

4. <u>Whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities</u>. This case is not about John Doe, Jane Roe or any of the student witnesses as *individuals*. *Doe v. Rutgers*, No. 2:18-CV-12952-KM-CLW, 2019 WL 1967021, at *3 (D.N.J. Apr. 30, 2019) ("The public disclosure of a plaintiff's

9

name is not critical if the plaintiff's claims do not depend on his or her individual identity."). Rather, this case is about whether Princeton committed various legal errors in investigating and weighing evidence reported by two student-parties and a number of student-witnesses, in a disciplinary proceeding that is now closed and cannot even theoretically seek to uncover further information about them. It turns entirely on what those individuals did and said in the past, and not at all on anything about them beyond that. Princeton is fully aware of the identities of John Doe, Jane Roe, and all of the student witnesses. *See Doe v. Univ. of Scranton*, No. 3:19CV1486, 2020 WL 1244368, at *3 (M.D. Pa. Mar. 16, 2020) (finding this factor weighed in favor of pseudonymity where defendant would know plaintiff's identity and could therefore conduct discovery unhindered).

Accordingly, the fourth factor also weighs heavily in favor of granting the motion.

5. *The undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified*. As noted above, the fact that the "mere allegation" of sexual misconduct can "invite harassment" makes pseudonymous protection especially important. *Doe v. The Rector & Visitors of George Mason Univ.*, 179 F. Supp. 3d at 593. Plaintiffs bringing such claims thus routinely seek pseudonymous

10

protection, *see supra* nn. 1-2, and its denial would drastically chill the bringing of meritorious suits.

Accordingly, the fifth factor also weighs heavily in favor of granting the motion.

6. <u>Whether the party seeking to sue pseudonymously has illegitimate ulterior motives</u>. Finally, John Doe seeks pseudonymity for no ulterior motive, but simply to guard against the legitimate threat of reputational and physical harm that comes with the mere allegations against him. The "intimate subject matter at issue" and "his fear of severe stigma associated with being accused of" sexual assault "have a reasonable basis given the nature of the allegations against him in the underlying disciplinary proceeding" and therefore satisfy this factor. *Doe v. Princeton Univ.*, No. CV 19-7853 (BRM), 2019 WL 5587327, at *6 (D.N.J. Oct. 30, 2019).

Accordingly, the sixth factor weighs heavily in favor of granting the motion.

## II. The Three Factors Tending to Disfavor Pseudonymity Do Not Counsel Denying the Motion.

Not only do the six factors above all favor pseudonymity here, but the three factors that tend to disfavor pseudonymity when present are absent here.

1. <u>The universal level of public interest in access to the identities of litigants</u>: This factor manifestly does not weigh in favor of requiring Doe to identify himself or the other students involved here. There is "no evidence of a

11

widespread, much less universal, public interest in the identity of the plaintiff. Accordingly, the public's interest in the identity of the plaintiff is not so strong as to justify the danger of disclosing his identity with a legitimate fear for the consequences of that disclosure." *Doe v. Univ. of Scranton*, 2020 WL 1244368, at *3.

    2.    <u>Whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained</u>.  None of the students involved in this matter are public figures, nor is there any particularly strong interest in knowing their identities.  Princeton is also not a public entity.  *See Doe v. Felician Univ.*, No. 2:18-CV-13539-ES-SCM, 2019 WL 2135959, at *5 (D.N.J. May 15, 2019) ("This litigation concerns the actions of a private college related to alleged discrimination and harassment of a non-public figure. The disclosure of Ms. Doe's identity is not particularly heightened nor mandatory.").

Accordingly, this factor weighs heavily in favor of granting the motion.

    3.    <u>Whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated</u>.  Finally, Princeton has stated that it takes no position on the relief requested in this motion and that it will not file an opposition to it.  As noted above, in the disciplinary proceedings underlying this matter,

Princeton went to extraordinary lengths to protect the identities of John Doe, Jane Roe, and the student witnesses from disclosure. Not only was the proceeding itself meant to be confidential, but Princeton took pains to use the actual identities of the parties and witnesses in as few documents as possible—referring to the parties as complainant and respondent, and to the witnesses by various letter designations after initially disclosing their identities.

Accordingly, this this factor weighs heavily in favor of granting the motion.

\*   \*   \*

Neither the plaintiff, the defendant, nor the public stand to lose anything if John Doe is allowed to proceed under pseudonym, to identify his accuser as Jane Roe, and to identify the other students involved in this matter by the identifying letters Princeton gave them in the underlying proceeding. Both Doe and Roe, on the other hand, stand to have private and highly sensitive details of their lives exposed if their identities are disclosed, and Doe is likely to experience substantial retaliation from members of the public (despite the fact that he is falsely accused). Doe will suffer those harms with no concomitant benefit to the public's appreciation of the issues at stake. This is why, as noted above, courts in this and other jurisdictions routinely have allowed students who have been accused of sexual misconduct to proceed under pseudonyms.

13

## CONCLUSION

For the foregoing reasons, John Doe respectfully requests that the Court grant his motion to proceed under pseudonym.

Dated:  October 5, 2022

Respectfully submitted,

**KAISERDILLON PLLC**

/s/ Justin Dillon
Justin Dillon (*pro hac vice* pending)
Christopher C. Muha (*pro hac vice* pending)
1099 14th St. N.W.
8th Floor West
Washington, D.C. 20005
Phone:  (202) 640-2850
Fax:  (202) 280-1034
jdillon@kaiserdillon.com
cmuha@kaiserdillon.com

**WARREN LAW GROUP**

By: /s/ *Jon-Jorge Aras*
Jon-Jorge Aras, Esq.
jj@warren.law
14 Penn Plaza, 9th Floor
New York, NY 10122
212-580-2303

*Counsel for Plaintiff John Doe*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of October, 2022, the foregoing was served upon counsel for Princeton University by email, and will also be served pursuant to Federal Rule of Civil Procedure 4.

                                        **WARREN LAW GROUP**

                                        By: /s/ *Jon-Jorge Aras*
                                        Jon-Jorge Aras, Esq.
                                        jj@warren.law
                                        14 Penn Plaza, 9th Floor
                                        New York, NY 10122
                                        212-580-2303

                                        *Counsel for Plaintiff John Doe*