# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN DOE,<br>Address Withheld,<br><br>               Plaintiff,<br><br>     v.<br><br>PRINCETON UNIVERSITY,<br>Princeton, NJ 08544<br><br>               Defendant. | Civil Action No. 3:22-cv-05887<br><br>Motion Day:  Nov. 7, 2022 |

## JOHN DOE'S UNOPPOSED MOTION TO SEAL

John Doe respectfully moves for an order permanently sealing ECF Nos. 1 and 2 in this matter, because metadata not present on the face of the PDFs that were uploaded as those docket entries—but which PACER somehow picked up—inadvertently disclosed his identity.  As explained below, those docket entries were publicly available for less than an hour and have since been replaced by versions whose metadata does not disclose Mr. Doe's identity.  *See* ECF Nos. 4 and 5.  Because Mr. Doe separately seeks to protect his identity here, *see* ECF No. 5 (Motion to Proceed Under Pseudonym); because the public now has access to versions of ECF Nos. 1 and 2 that do not inadvertently disclose his identity; and because Defendant Princeton University does not oppose this request, Mr. Doe respectfully requests that this motion to seal be granted.

## BACKGROUND

When the plaintiff in this matter filed his Complaint today (ECF No. 1), he did so under the pseudonym John Doe.  He separately moved for permission to proceed as John Doe and to pseudonymize the other Princeton students involved (ECF No. 2).  Although those pleadings nowhere used his real name, and although the file names of the PDFs his counsel uploaded to the Court's CM/ECF system likewise did not use his real name, PACER appears to have picked up metadata in the PDF files that encodes the files by the names they had when they existed as Microsoft Word documents, before they were converted to PDF.  And those underlying Microsoft Word documents did use John Doe's actual name in the file names.  The result was that anyone who sought to download ECF Nos. 1 and 2 through PACER would see the names those files had when they existed as Microsoft Word documents, and therefore sees John Doe's real name displayed at the top left of their screen.

Soon after ECF Nos. 1 and 2 were uploaded, counsel for Mr. Doe (who is not yet admitted in this matter) went to PACER to download the pleadings and saw that their file names as displayed on PACER were the file names of the underlying Microsoft Word documents.  He immediately called the Trenton clerk's office and asked that ECF Nos. 1 and 2 be temporarily sealed because the file names as displayed on PACER revealed Mr. Doe's identity.  The clerk's office did so.

Those files were publicly available for less than an hour. As conveyed by Princeton's in-house counsel, Princeton itself was not aware that the filings had even been made until counsel for Mr. Doe called him late this afternoon and sought his position on the present motion to seal.

Early this evening, counsel for John Doe re-filed the Complaint and pseudonym motion as ECF Nos. 4 and 5. Before converting the Word versions of those documents to PDF, counsel gave the Word versions file names that did not use any part of John Doe's name. The result is that ECF Nos. 4 and 5, when accessed on PACER, do not contain any part of John Doe's name in the file title of the underlying Word document captured by PACER.

## ARGUMENT

It is well-settled that there is "a common law public right of access to judicial proceedings and records." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001). But "[t]ypically, a motion to seal is granted when the moving party's private interest to seal documents outweighs the public's interest in disclosing the information. *China Falcon Flying Ltd. v. Dassault Falcon Jet Corp.*, No. CV156210KMMAH, 2017 WL 6638204, at *1 (D.N.J. Dec. 29, 2017). Courts in this District consider six factors in making that determination:

(a) the nature of the materials or proceedings at issue;

(b) the legitimate private or public interest which warrants the relief sought;

    (c)    the clearly defined and serious injury that would result if the relief sought is not granted;

    (d)    why a less restrictive alternative to the relief sought is not available;

    (e)    any prior order sealing the same materials in the pending action; and

    (f)    the identity of any party or nonparty known to be objecting to the sealing request.

L. Civ. R. 5.3(c). Those six factors weigh heavily in favor of granting the present motion. *See generally* Ex. 1 (Declaration of Christopher C. Muha).

*First*, the "materials . . . at issue" are materials that reveal John Doe's identity. As Mr. Doe argues in his Motion to Proceed Under Pseudonym, there is good cause to shield his identity, and the identities of the other involved Princeton students, from disclosure. *See* ECF No. 5. Should that motion be granted, the relief requested there would be in vain if metadata picked up by PACER in ECF Nos. 1 and 2 revealed his identity nevertheless. Just as importantly, the same "materials . . . at issue," minus only that identifying metadata, are now available on the public docket for anyone to view. *See* ECF Nos. 4 and 5. Nothing about this matter would be hidden from the public by granting this motion, except for the metadata that unwittingly revealed Mr. Doe's identity.

*Second*, Mr. Doe has a "legitimate private . . . interest" in protecting his identity. For the reasons laid out in his pseudonym motion, he stands to suffer real

harm should his identity be disclosed—harms that will occur even if he is successful in this lawsuit.

*Third*, and for that same reason, Mr. Doe has a "clearly defined and serious injury that would result" if his identity is disclosed.  As stated above, if his identity is disclosed through that metadata it will effectively nullify any order this Court might hand down allowing him to proceed under pseudonym.

*Fourth*, counsel for Doe is not aware of a "less restrictive alternative" to sealing ECF Nos. 1 and 2.  Counsel is not aware of some other way to undo or obscure the metadata that PACER picked up.

*Fifth*, there have been no "prior order[s] sealing the[se] same materials," but should the Court grant Doe's pseudonym motion, there would then be an order barring disclosure of the very thing the metadata in ECF Nos. 1 and 2 reveals.

*Sixth* and finally, there is no one who is "objecting to the sealing request." As noted above, Princeton does not oppose the relief requested here, and indeed was unaware that ECF Nos. 1 and 2 had even been filed before they were temporarily sealed.  That is evidence that few, if any, individuals are likely to have accessed ECF Nos. 1 and 2 before they were blocked, let alone any who might want to object to their now being sealed when replacement versions have already been filed.

## CONCLUSION

Sealing ECF Nos. 1 and 2 will do nothing to limit the public's access to this matter, because those pleadings have now been refiled as ECF Nos. 4 and 5, just without the metadata that reveals John Doe's identity. For all of the foregoing reasons, John Doe respectfully requests that this motion to seal be granted.

Dated: October 5, 2022

Respectfully submitted,

**KAISERDILLON PLLC**

/s/ Justin Dillon
Justin Dillon (*pro hac vice* pending)
Christopher C. Muha (*pro hac vice* pending)
1099 14th St. N.W.
8th Floor West
Washington, D.C. 20005
Phone: (202) 640-2850
Fax: (202) 280-1034
jdillon@kaiserdillon.com
cmuha@kaiserdillon.com

**WARREN LAW GROUP**

By: /s/ *Jon-Jorge Aras*
Jon-Jorge Aras, Esq.
jj@warren.law
14 Penn Plaza, 9th Floor
New York, NY 10122
212-580-2303

*Counsel for Plaintiff John Doe*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of October, 2022, the foregoing was served upon counsel for Princeton University by email, and will also be served pursuant to Federal Rule of Civil Procedure 4.

**WARREN LAW GROUP**

By: /s/ *Jon-Jorge Aras*
Jon-Jorge Aras, Esq.
jj@warren.law
14 Penn Plaza, 9th Floor
New York, NY 10122
212-580-2303

*Counsel for Plaintiff John Doe*