

LINDA WONG
Member of NJ, PA, NY, VA & DC Bars

lwong@wongfleming.com

December 8, 2022

**VIA ECF**
The Honorable Zahid N. Quraishi, U.S.D.J.
U.S. District Court, District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

    Re:    **John Doe v. Princeton University, et al.,**
                **Civil Case No. 3:22-cv-05887-ZNQ-DEA**

Dear Judge Quraishi:

    This firm, with co-counsel from Crowell & Moring, represents Defendant The Trustees of Princeton University (incorrectly referred to in the Complaint as "Princeton University," and referred to herein as "Princeton"). The parties previously agreed that Princeton would waive service and file a responsive pleading by December 19, 2022. After reviewing the Complaint, Princeton intends to file a Motion to Dismiss all of Doe's claims. Princeton files this letter in accordance with this Court's "Judicial Preferences," which state that a letter informing the Court of the basis for the motion to dismiss must be filed in advance. Princeton has informed Plaintiff's counsel of its intent to move to dismiss, and the parties respectfully request that the Court dispense with a pre-motion conference so that Princeton may file its motion on December 19th.

    Plaintiff John Doe challenges the outcome of a Title IX disciplinary proceeding conducted by Princeton, at the end of which Doe was found "responsible" for one of many claims of non-consensual sexual contact alleged by a fellow student, Jane Roe. In his Complaint, Doe asserts four claims: (1) violation of Title IX, which prohibits discrimination on the basis of sex; (2) breach of contract (the University's "Rights, Rules, and Responsibilities" handbook); (3) breach of implied covenant of good faith and fair dealing; and (4) negligence. Princeton will explain in its motion to dismiss that each of Doe's claims fails at the Rule 12(b)(6) stage.

    First, Princeton will argue that Doe's allegations, while numerous, do not establish a viable Title IX claim. Doe neither alleges facts that, if true, would show that Princeton's Title IX process is biased against males in general, nor facts showing that Princeton's process or ultimate decision was motivated by gender bias. Without such alleged facts, a Title IX claim should be dismissed at the Rule 12 stage—as judges on this Court previously have concluded and the Third Circuit has affirmed. *See Doe v. Princeton Univ.*, No. 17-cv-1614, 2018 WL 2396685 (D.N.J.

821 ALEXANDER ROAD, SUITE 200 ⬥ P.O. BOX 3663 ⬥ PRINCETON, NJ 08543-3663
TEL: (609) 951-9520 ⬥ FAX: (609) 951-0270
**WWW.WONGFLEMING.COM**

CALIFORNIA ⬥ FLORIDA ⬥ GEORGIA ⬥ ILLINOIS ⬥ INDIANA ⬥ MICHIGAN
NEW JERSEY ⬥ NEW YORK ⬥ PENNSYLVANIA ⬥ TENNESSEE ⬥ TEXAS ⬥ WASHINGTON
ATTORNEYS ADMITTED SOLELY IN THE JURISDICTION WHERE LISTED OFFICE IS LOCATED, UNLESS OTHERWISE NOTED

DCACTIVE-70562147.1



May 24, 2018) ("*Princeton I*"), *aff'd*, 790 F. App'x 379 (3d Cir. 2019) (*Princeton II*).[1] Doe's allegations that Princeton was under "pressure" from the U.S. Department of Education and students to address sexual assault on campus are also insufficient to give rise to a viable Title IX claim. *See Verdu v. Trs. of Princeton Univ.*, 2022 WL 4482457, at *3 n.11 (3d Cir. Sept. 27, 2022) (allegations of pressure to address sexual assault "are not enough" to give rise to a Title IX claim). Without specific alleged facts showing that his disciplinary process or the outcome of it were motivated by gender bias, Doe's claim may not proceed.

Next, Doe's contract claim fails because Doe's own allegations show that Princeton's process was consistent with the core requirements in Princeton's "Rights, Rules and Responsibilities" ("RRR"). The RRR—a student handbook—is not, and should not be construed as, a traditional contract. The courts have treated Princeton's RRR and similar documents as "quasi-contractual" (at best), and ask only whether the University violated its own rules in a "substantial" way. *Princeton II*, 790 F. App'x at 385. Doe's allegations betray that Princeton met the RRR's core requirements. Doe admits that Princeton conducted an investigation, taking testimony from 26 witnesses plus Doe and Roe; allowed both parties to submit and considered other evidence; explained its decision and sanction; and allowed the parties to appeal (resulting in a final decision finding Doe responsible for fewer nonconsensual acts and reducing his sanction). A sister court in this district dismissed similar contract claims on that basis in *Princeton I*, 2018 WL 2396685, at *8 ("The University has an obligation under the RRR[] to conduct an investigation, to make factual findings, and if necessary to mete out a remedy. Here, the University did so."); *see also Mittra v. Univ. of Med. & Dentistry of N.J.*, 719 A.2d 693, 696–97 (N.J. Super Ct. App. Div. 1998) (dismissing contract claim based on student handbook). Doe's claim alleging a breach of the implied covenant of good faith and fair dealing also fails because, even if the RRR is viewed as a contract, Doe did not allege specific facts that, if true, show that Princeton proceeded in bad faith so as to undermine its benefits. Further, such a claim does not lie where it is premised on the same conduct as the breach of contract claim. *MZL Cap. Holdings, Inc v. TD Bank, N.A.*, 734 F. App'x 101, 106 (3d Cir. 2018). That is the case here.

Finally, Doe's negligence claim is barred by the NJCIA, which shields nonprofit institutions organized for educational purposes, such as Princeton, from liability for negligence if, as is the case here, the institution was promoting such purposes at the time of the alleged injury to plaintiff and the plaintiff was a beneficiary of those works. *Green v. Monmouth Univ.*, 206 A.3d 394, 403 (N.J. 2019). Sister courts in this District thus have routinely dismissed

---

[1] This case is readily distinguishable from *Doe v. Princeton University*, 30 F.4th 335, 340-41 (3d Cir. 2022) ("*Princeton III*"), where the court found that allegations by a male plaintiff that the University (1) did not investigate his Title IX claim against a female student, while investigating her Title IX claim against him, and (2) treated similar violations of the two students' no-contact orders differently, sufficed to state a Title IX sex discrimination claim against the University. No such allegations are present here. Similarly, in *Doe v. University of the Sciences*, 961 F.3d 203, 209-11 (3d Cir. 2020), the plaintiff alleged that the university ignored the female disciplinary claimant's own alleged misconduct, thereby treating the two parties differently. The Third Circuit concluded these allegations of "selective investigation and enforcement" survive a motion to dismiss when "combined with his allegations related to pressure applied by the 2011 Dear Colleague Letter." *Id.* at 211. Again, these are not the allegations presented to this Court.



negligence claims against Princeton and other universities arising out of student disciplinary proceedings. *E.g*, *Princeton I*, 2018 WL 2396685, at *9 ("Plaintiff's complaint recognized that he was benefiting from the education program at [Princeton] during the time of Plaintiff's allegations. As such, the negligence claim fails.").

Princeton respectfully requests that the Court dispense with a pre-motion conference so that it may file its Motion to Dismiss on December 19, 2022, as agreed by the parties.

        Respectfully submitted,

        /s/Linda Wong
        Wong Fleming

        Laurel Pyke Malson (pro hac vice)
        Amanda Shafer Berman (pro hac vice)
        Crowell & Moring LLP

        *Counsel for Defendant Princeton*