

519 8TH AVENUE, 25TH FLOOR
NEW YORK, NY 10018
866.WLG.ROUP • warren.law

January 25, 2023

**VIA ECF**
The Honorable Zahid N. Quraishi, U.S.D.J.
U.S. District Court, District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

Re:   **John Doe v. Princeton University, et al.,**
      **Civil Case No. 3:22-cv-05887-ZNQ-DEA**
      *Response to Request for Extension of Time*

Dear Judge Quraishi,

Lead counsel for Mr. Doe, Justin Dillon, cannot remember the last time he opposed a party's request for an extension. Indeed, counsel consented to Princeton's last extension request—for an additional 30 days to file its Motion to Dismiss. But respectfully, counsel believes that this second extension request should be denied and asks this Court to deny it. Other than simply being busy lawyers, which most good lawyers are, Princeton's attorneys have not offered any reasons that would justify expanding its reply window by 200 percent and, in the process, putting off the motions hearing date for another two weeks.

Princeton has known since December 26th that Doe would be filing his opposition on January 23rd and that its reply would thus be due on January 30th. *See* ECF No. 26. Its extension request does not cite any exigent circumstances that have since arisen—such as a personal matter (illness, vacation, etc.)—and might justify an extension, let alone an extension that *triples* its reply window. Moreover, this is just a reply brief—Princeton has presumably read all of the cases it cited in its Motion to Dismiss, and its reply brief is limited to just 11.25 pages in 12-point font. Counsel as capable as Princeton has here can surely draft a well-crafted brief of that length in seven days.

In its letter, Princeton gives two reasons for needing a lengthy extension. Both are unavailing.

Its first reason for requesting such a large extension is that "[l]ead outside counsel Ms. Malson is in interviews for another matter all of this week and much of the next, and her co-counsel Ms. Berman will be travelling February 3-6." ECF No. 27 at 1. But Ms. Berman's travel falls *after* Princeton's January 30 reply deadline; it is not a reason to extend that deadline. And it is very unlikely that Ms. Malson, as a very senior partner and the lead attorney on the entire matter, would be the primary drafter of the reply brief.

Princeton's second reason for requesting such a large extension is that "Plaintiff obtained a 20-day extension of the Opposition brief deadline." ECF No. 27 at 1. But that is misleading. Mr. Doe did not seek or obtain an extension from Princeton or the Court; he merely invoked the

Case 3:22-cv-05887-ZNQ-DEA   Document 28   Filed 01/25/23   Page 2 of 2 PageID: 532



519 8TH AVENUE, 25TH FLOOR
NEW YORK, NY 10018
866.WLG.ROUP • warren.law

extension that the Local Rules allow all parties to invoke, as a matter of right, because the default window for filing oppositions is so short.  *See* L. Civ. R. 7.1(d)(5).  He had to do so precisely because he had agreed, months earlier, to allow Princeton to extend its own response deadline to December 19th, just six days before Christmas. That meant that the Motions Day for Princeton's motion would be January 17th and that Mr. Doe's opposition would be due January 3rd—just 14 days after the motion was filed, spanning the heart of the holiday season. Counsel for Mr. Doe worked over the holidays to avoid further delaying this matter and filed their response on time. Princeton thus cannot invoke Doe's single *by-right* "extension" to justify its second, *discretionary* one.

Finally, counsel for Mr. Doe is not opposing Princeton's extension request out of spite. Again, counsel consented to Princeton's first such request; counsel may do so again if Princeton has a better reason than simply being too busy with other work to draft 11.25 pages in seven days. But this request would require moving the motions hearing date another two weeks and create an unjustified delay in the adjudication of Mr. Doe's case. As it is with most defendants, time is on Princeton's side here; it is not on Mr. Doe's. That is why he would like to keep this case moving forward in a timely manner and thus asks this Court to deny Princeton's request for an extension.

Respectfully submitted,

*/s/Jon-Jorge Aras*

Jon-Jorge Aras

Page 2 of 2