

519 8TH AVENUE, 25TH FLOOR
NEW YORK, NY 10018
866.954.7687• warren.law

January 25, 2023

**VIA ECF**

The Honorable Zahid N. Quraishi, U.S.D.J.
U.S. District Court, District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

      *Re:* **John Doe v. Princeton University, et al.,**
      **Civil Case No. 3:22-cv-05887-ZNQ-DEA**
      *Secon Response to Request for Extension of Time*

Dear Judge Quraishi,

      With apologies for the number of letters concerning a mere reply deadline, Princeton is simply wrong in stating that it "did not seek an extension of time to file [its] Motion" but "simply agreed that Princeton would waive service." ECF No. 29 at 1. Princeton did ask Mr. Doe for an extension; the waiver process was simply the way the parties chose to *implement* it. The email traffic between counsel makes this quite clear.

      When outside counsel for Princeton was retained, Crowell & Morning attorney Amanda Shafer Berman contacted KaiserDillon attorney Chris Muha (counsel for Mr. Doe) to introduce herself and to state that she "anticipate[d] being able to waive service on behalf of Princeton later this week." Exhibit 1 (Berman-Muha Emails) at 2. Because Princeton is not hard to serve and not going to dodge service, Mr. Doe had no need for Princeton to formally waive service. So Mr. Muha responded that Mr. Doe did *not* seek waiver of service—precisely because of the 30-day extension it entails—but added that if Princeton needed an extension of time, he was happy to discuss it:

> [I]f forced to choose we'd choose to formally serve under Rule 4 **rather than extend the deadline** as happens with waiver. **But if you think you'll need more time** to respond to the complaint I'm happy to discuss that tomorrow, too.

*Id.* (emphasis added). Ms. Berman and Mr. Muha talked on October 17, *id.* at 1, where Ms. Berman stated that Princeton did need more time to respond to the Complaint. Mr. Doe consented on the condition that Princeton not seek a *second* extension of its response deadline. The parties then used the formal waiver process purely to implement Princeton's requested extension, as Ms. Berman's own words make clear:

> Princeton agrees that, if we execute the waiver and thereby obtain 60 days to respond to the Complaint, we will not ask for a **further extension** absent exigent circumstances.

*Id.* at 1 (emphasis added). Mr. Doe did not want that extension and had no reason to seek it. He agreed to it at Princeton's request—only after Princeton promised it would "not ask for a further" one. We hope that both clarifies the record and makes clear how important it has been from the start for Mr. Doe to move this case forward expeditiously. Even if that is all that these four letters have managed to convey, perhaps that in itself is something. We appreciate the Court's attention to this matter.

4864-6367-7511, v. 1



519 8TH AVENUE, 25TH FLOOR  
NEW YORK, NY 10018  
**866.954.7687**• **warren.law**

Respectfully submitted,

*/s/ Jon-Jorge Aras*

Jon-Jorge Aras