**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| JOHN DOE, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 22-5887 (RK)(DEA) |
| | : | |
| v. | : | |
| | : | |
| PRINCETON UNIVERSITY, | : | |
| | : | |
| Defendant. | : | |

This matter comes before the Court on a motion by Plaintiff for an Order: (i) requiring

that Plaintiff be referred to in this matter by the pseudonym "John Doe"; (ii) allowing Plaintiff to

identify his State of citizenship[1] in the Complaint as simply a state other than the State of New

Jersey; (iii) requiring that the other party to the student disciplinary action from which this matter

arises be referred to by the pseudonym "Jane Roe"; and (iv) requiring that other students be

referred to by the identifying initials that Defendant Princeton University gave them in the

underlying proceeding. Princeton has taken no position on the motion. The Court considers the

matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil

Rule 78.1. For the reasons below, Plaintiff's motion is granted.

---

[1] The Court notes that Plaintiff's motion requests that Plaintiff be permitted to plead Plaintiff's State of "residency" as being a State other than New Jersey, while the Complaint does not refer to "residency" but rather to "citizenship". The Court construes Plaintiff's reference to "residency" in this motion as intending to refer to "citizenship." Plaintiff should take note, however, that "residency" and "citizenship", at least as pertaining to diversity jurisdiction, are not interchangeable. *See, e.g.*, *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 35 (3d Cir. 2018)("Alleging residency alone is insufficient to plead diversity of citizenship…")
.

## I. BACKGROUND

At all times relevant to this action, Plaintiff was a student at Princeton University. According to the Complaint, in 2019, third-party Jane Roe, a fellow student the University, reported to the Princeton's Title IX office that Plaintiff had sexually assaulted her on two separate occasions. The first alleged incident occurred in 2017 when Roe was a high school student visiting the Princeton campus. She alleged that Doe non-consensually kissed her, touched her, and forced her to perform oral sex. ECF No. 1, ¶¶ 86–87. The second alleged incident took place in 2019 in Plaintiff's room. Roe alleged that Plaintiff non-consensually touched her breasts, penetrated her, and forced her to give him a hickey. *Id.* Princeton undertook an investigation of those claims and ultimately found Doe responsible for one of the nonconsensual acts. Plaintiff was initially sanctioned with a two-year suspension, but after an appeal Plaintiff received a revised sanction of 48 months' probation. *Id.* ¶¶ 100, 108.

On October 25, 2022, Plaintiff filed this action alleging that the University violated Title IX (20 U.S.C. § 1681) and also asserted claims for breach of contract, breach of the covenant of good faith and fair dealing, and negligence. In addition to compensatory and punitive damages, Plaintiff seeks a judgment "(1) ordering the University to vacate and expunge its finding of responsibility as to Doe; (2) restraining the University from reflecting, in any manner whatsoever, in John Doe's records or elsewhere, the findings or sanctions imposed upon Doe based on its adjudication of Roe's complaint; and (3) restraining the University from maintaining any records related to that sanction…". ECF No. 1 at 110-111.

## II. DISCUSSION

It has been long recognized that "one of the essential qualities of a Court of Justice [is] that its proceedings should be public." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011)

(quoting *Daubney v. Cooper*, 109 Eng. Rep. 438, 441 (K.B. 1829)). As such, under Federal Rule

of Civil Procedure 10, parties to a lawsuit are required to identify themselves by name in their

respective pleadings. Fed R. Civ. P. 10(a); *Megless*, 654 F.3d at 408. This Rule is illustrative of

"the principle that judicial proceedings, civil as well as criminal, are to be conducted in public."

*Id.* (quoting *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997)). The

Third Circuit has noted that identification of parties to a lawsuit "is an important dimension of

publicness," as "[t]he people have a right to know who is using their courts." *Id.* (quoting *Blue*

*Cross*, 112 F.3d at 872). Allowing a litigant to proceed under a pseudonym "runs afoul of the

public's common law right of access to judicial proceedings." *Id.* (quoting *Does I Thru XXIII v.*

*Advanced Textile Corp.,* 214 F.3d 1058, 1067 (9th Cir. 2000)).

The Third Circuit has acknowledged, however, that exceptional circumstances may

justify allowing a litigant to proceed anonymously. *Id.* Courts have allowed plaintiffs to proceed

under a pseudonym when the plaintiff can demonstrate (1) "a fear of severe harm" from the

public disclosure of his name and (2) "that the fear of severe harm is reasonable." *Id*.

Importantly, a plaintiff's fear that he may "suffer embarrassment or economic harm" is

insufficient to permit the use of a pseudonym. *Id.* (quoting *Doe v. C.A.R.S. Protection Plus, Inc.*,

527 F.3d 358, 371 n. 2 (3d Cir. 2008)). Examples of matters in which courts have found

exceptional circumstances justifying use of a pseudonym include those involving victims of child

pornography, *Doe v. Oshrin*, 299 F.R.D. 100 (D.N.J. 2014), as well as matters involving

"abortion, birth control, transsexuality, mental illness, welfare rights of illegitimate children,

AIDS, and homosexuality," *Megless*, 654 F.3d at 408.

In *Megless*, the Third Circuit adopted the nine-factor test for the use of pseudonyms that

was first articulated in *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467 (E.D. Pa.

1997). The court emphasized that the nine factors are non-exhaustive and directed courts to

consider the facts and particular circumstances of each case in determining whether to grant a

request to proceed under a pseudonym. *Id*. at 409-410. As set forth in *Megless*, "factors in favor

of anonymity include" the following:

> (1) the extent to which the identity of the litigant has been kept confidential; (2)
> the bases upon which disclosure is feared or sought to be avoided, and the
> substantiality of these bases; (3) the magnitude of the public interest in
> maintaining the confidentiality of the litigant's identity; (4) whether, because of
> the purely legal nature of the issues presented or otherwise, there is an atypically
> weak public interest in knowing the litigant[s'] identities; (5) the undesirability of
> an outcome adverse to the pseudonymous party and attributable to his refusal to
> pursue the case at the price of being publicly identified; and (6) whether the party
> seeking to sue pseudonymously has illegitimate ulterior motives.

*Megless*, 654 F.3d at 409 (citing *Provident Life,* 176 F.R.D. at 467-68). The factors that weigh

against granting anonymity include:

> (1) the universal level of public interest in access to the identities of litigants; (2)
> whether, because of the subject matter of this litigation, the status of the litigant as
> a public figure, or otherwise, there is a particularly strong interest in knowing the
> litigant's identities, beyond the public's interest which is normally obtained; and
> (3) whether the opposition to pseudonym by counsel, the public, or the press is
> legitimately motivated.

*Id.*

The Court has carefully considered all of the above factors and finds several factors tip

the balance in favor of granting Plaintiff's motion. Importantly, both Plaintiff and Princeton have

"taken significant steps to ensure that Doe's name, and the names of the other students involved

in the underlying disciplinary matters, remain confidential." ECF No. 5 at 5. According to

Plaintiff, the names of all of the students involved have been "left …out of the vast majority of

the documents" that have been shared with the parties from the underlying proceedings, which

proceedings themselves were confidential. *Id.* Further, Plaintiff states that he has never spoken

publicly about the case, that his and Roe's identities are not known beyond their social circles, and their names are not known to the general public.

Plaintiff also convincingly argues that he seeks to proceed anonymously in order to guard against the threat of reputational and even physical harm that comes with the allegations against him. ECF No. 5 at 11. The Court finds it to be reasonable for Plaintiff to fear that "whatever the outcome of the action, public identification will subject him to severe reputational harm and harassment, and will defeat the very purpose of this litigation." *Doe v. Trustees of Dartmouth Coll.*, No. 18-040, 2018 WL 2048385, at *6 (D.N.H. May 2, 2018).

Further, at least one court has noted that "there is authority for the proposition that precluding pseudonymous litigation in college disciplinary cases may have a chilling effect on future plaintiffs who seek to challenge the adequacy of the process." *Id.*

Overall, having carefully considered all of the requisite factors, the Court finds is appropriate to grant the relief sought by Plaintiff. Accordingly,

**IT IS** on this 25th day of May 2023

**ORDERED** that Plaintiff's motion [ECF No. 5] is GRANTED; and it is further

**ORDERED** that Plaintiff shall be referred to in this matter by the pseudonym "John Doe"; (ii) Plaintiff may identify his State of citizenship in the Complaint as "a State other than New Jersey"[2]; (iii) the other party to the underlying student disciplinary action shall be referred to by the pseudonym "Jane Roe"; and (iv) other students discussed in this matter shall be referred

---

[2] This holding is narrow and expressly limited to the specific request made in Plaintiff's Notice of Motion, namely, for an Order "allowing him to identify his state of residency in the Complaint as simply a state other than the State of New Jersey." ECF No. 5. This ruling is not intended to confer broad confidentiality as to Plaintiff's State of citizenship.

to by the identifying initials that the University gave them in the underlying proceeding; and it is

further

   **ORDERED** that the Clerk is to terminate ECF No. 5.




                                               *s/ Douglas E. Arpert*
                                               DOUGLAS E. ARPERT
                                               United States Magistrate Judge


---terminates ECF No. 5