

LINDA WONG
Member of NJ, PA, NY, VA & DC Bars
lwong@wongfleming.com

July 10, 2024

**VIA ECF**

Honorable Justin T. Quinn, U.S.M.J.
U.S. District Court, District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

      Re:    **John Doe v. Princeton University, et al.,**
             **Civil Case No. 3:22-cv-05887-RK-JTQ**

Dear Judge Quinn,

This law firm, along with Crowell & Moring LLP, represents Defendant The Trustees of Princeton University (the "University")[1] in this case. We respectfully request adjournment of the scheduling conference set for July 30, 2024 (including all preceding discovery planning deadlines) until 30 days after a ruling on Plaintiff's pending motion for reconsideration of the dismissal of his Title IX claims. The parties met and conferred on July 9, 2024, and Plaintiff's counsel indicated that he opposes adjournment and intends to file a response.

After the Court decided the Rule 12 motion, Plaintiff chose to move for reconsideration of the dismissal of his Title IX claim. ECF 45. Resolution of that motion will necessarily affect the scope of discovery. Plaintiff's lone remaining claim at present is for breach of contract, and discovery on that claim would focus on whether the University followed its policies and procedures. Should the Court reinstate his Title IX claim, Plaintiff likely will also seek information relevant to whether the University discriminated against him on the basis of sex. The University is concerned that requiring the parties to proceed with discovery now risks necessitating a second round of discovery later on. That burden and expense can be avoided by adjourning the conference until 30 days after a decision on the reconsideration motion.

---

[1] John Doe's Complaint is against "Princeton University." The proper party for actions involving the University, however, is "The Trustees of Princeton University."

821 ALEXANDER ROAD, SUITE 200 ◆ P.O. BOX 3663 ◆ PRINCETON, NJ 08543-3663
TEL: (609) 951-9520 ◆ FAX: (609) 951-0270
**WWW.WONGFLEMING.COM**

CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ ILLINOIS ◆ INDIANA ◆ MICHIGAN
NEW JERSEY ◆ NEW YORK ◆ PENNSYLVANIA ◆ TENNESSEE ◆ TEXAS ◆ WASHINGTON

ATTORNEYS ADMITTED SOLELY IN THE JURISDICTION WHERE LISTED OFFICE IS LOCATED, UNLESS OTHERWISE NOTED

WONG FLEMING
ATTORNEYS AT LAW

Defendant further notes that the Scheduling Order requires that the Joint Discovery Plan include "a brief statement of the facts underpinning the claims or defenses in the action[,]" which would change should the reconsideration motion be granted, and also requires the parties to set deadlines for dispositive motions, which is difficult when the scope of claims subject to summary judgment briefing is unknown. ECF 50 at 2-3. This is another reason for adjournment.

If the Court is not inclined to adjourn the scheduling conference and to stay discovery, the University asks in the alternative that the Court make clear that Plaintiff is currently limited to seeking discovery on his contract claim, unless and until the Court grants reconsideration and allows Plaintiff to reinstate his Title IX claim. Plaintiff should not be permitted to take discovery on a claim that was dismissed by the Court after extensive briefing and is not currently live.

For these reasons, the University moves to adjourn the scheduling conference until thirty days following the Court's ruling on Plaintiff's motion for reconsideration. This adjournment, if granted, would not impact other scheduled dates or deadlines, as there currently are none.

Respectfully submitted,

*/s/Linda Wong*
Wong Fleming

Amanda Shafer Berman *(pro hac vice)*
Eli Berns-Zieve *(pro hac vice forthcoming)*
Crowell & Moring LLP

*Counsel for Defendant The Trustees of Princeton University*

LW/ss
cc: All Counsel of Record (via ECF)