

LINDA WONG
Member of NJ, PA, NY, VA, GA and DC Bars

lwong@wongfleming.com

October 2, 2024

**VIA ECF**
The Honorable Justin T. Quinn, U.S.M.J.
United States District Court, District of New Jersey
Clarkson S. Fisher Federal Building & United States Courthouse
402 East State Street
Trenton, New Jersey 08608

Re:   *Doe v. Princeton University, et al.,* Civil Case No. 3:22-cv-05887-RK-JTQ
       **Defendants' Response to Plaintiff's Request to Expand Number of Depositions**

Dear Judge Quinn:

Plaintiff seeks permission to take twelve depositions in this case—five more than the number allowed under the Court's Pre-Trial Scheduling Order ("Order") (ECF 63), and two more than the limit imposed by Federal Rule of Civil Procedure 30. Plaintiff's request should be denied because it is premature, without good cause, and out of proportion to this case.

Plaintiff's request is premature because depositions in this case have yet to commence. "Parties should ordinarily exhaust their allowed number of depositions before making a request for additional depositions." *See Chabot v. Walgreens Boots Alliance, Inc*., 2021 U.S. Dist. LEXIS 46546 (M.D. Pa. Mar. 12, 2021); *see also Alaska Elec. Pension Fund*, 2006 U.S. Dist. LEXIS 59095 (D.N.J. Aug. 18, 2006) (denying motion for leave to take additional depositions because plaintiffs had "yet to depose a single witness"). As of today, Plaintiff has not yet deposed a single witness, and is thus merely speculating about the need for additional discovery.

821 ALEXANDER ROAD, SUITE 200 ◆ P.O. BOX 3663 ◆ PRINCETON, NJ 08543-3663
TEL: (609) 951-9520 ◆ FAX: (609) 951-0270
**WWW.WONGFLEMING.COM**

CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ ILLINOIS ◆ INDIANA ◆ MICHIGAN
NEW JERSEY ◆ NEW YORK ◆ PENNSYLVANIA ◆ TENNESSEE ◆ TEXAS ◆ WASHINGTON
ATTORNEYS ADMITTED SOLELY IN THE JURISDICTION WHERE LISTED OFFICE IS LOCATED, UNLESS OTHERWISE NOTED



Plaintiff also has not shown good cause for allowing five extra depositions.[1] A party seeking leave to take additional depositions "must overcome [the] presumptive limit"[2] identified by the Rules or a court order by demonstrating that the additional depositions are reasonable and necessary. Plaintiff's request for five additional depositions is neither reasonable or necessary.

Plaintiff asserts that discovery has shown that additional Princeton administrators, beyond those Plaintiff previously noticed, had some involvement with his disciplinary proceeding. But the University's initial disclosures, served on August 12, identified all four individuals Plaintiff now seeks to depose. And in any event, a court need not allow extra depositions merely because a person's testimony may be relevant—especially when the proposed deponents' testimony is likely to overlap with testimony from other deponents. *Alaska Elec.*, 2006 U.S. Dist. LEXIS at *18; *see also Gross v. Bare Escentuals, Inc.*, 2006 U.S. Dist. LEXIS 79320, *5 (S.D.N.Y. Oct. 25, 2006) ("Although a witness might have discoverable information, a party is not always entitled to depose that individual."). That is the case here. For example, Plaintiff seeks to depose Walter Wright, one of three panelists who investigated Jane Roe's allegations. But Wright's testimony will overlap substantially with the testimony of Randy Hubert and Joyce Shueh, the other two panelists who investigated Jane Roe's claims and are already scheduled to be deposed. Similarly, Kathleen Deignan's testimony would overlap substantially with that of Cole Crittenden, the other administrator who determined the appropriate sanction, who will be deposed on October 3.

---

[1] Under FRCP 16(b), a scheduling order may be amended only for good cause. Further, Rule 26(b)(2) empowers a court to limit discovery where it would be "unreasonably cumulative or duplicative" or is "obtainable from some other sources." As discussed below, that is the case here.

[2] *Alaska Elec.*, at *8 (citing FRCP 26(b) Notes of Advisory Committee on 1993 Amendments).



Further, given the limited scope of the remaining case—one contract claim, based on two theories (the panel's alleged failure to apply the preponderance-of-the-evidence standard and its alleged lack of adequate training and impartiality)—many of the proposed additional deponents would not have much, if any, relevant information. For example, former Dean Kathleen Deignan, who was only involved in determining the sanction after Plaintiff was found "responsible" for a disciplinary violation, cannot speak to whether the panel applied the correct evidentiary standard or was impartial. Neither can higher-level administrators such as Michelle Minter and Regan Crotty. Indeed, Plaintiff does not articulate any substantial connection between Ms. Minter and his disciplinary process, stating only that she "appears in a number of the documents produced by Princeton" and "had communications" with the appeal panel. Ltr. at 2.

This is not enough to justify allowing an extra five depositions—or any extra depositions. It is simply a facet of normal discovery that a plaintiff must choose between potential deponents rather than deposing every individual with some connection to the case. And here, Plaintiff has chosen to use some of his allotted depositions on persons who likely cannot provide relevant information. For example, Plaintiff subpoenaed Jane Roe, who cannot speak to whether the University followed the process required in the RRR. Plaintiff argues that she could testify regarding what questions the panelists asked her (Ltr. at 3-4), but Plaintiff already has the full case file, including the panelists' interview notes, and Plaintiff can ask the panelists he noticed (Hubert and Shueh) whether they asked certain questions or pursued certain "avenues" (Ltr. at 4). Plaintiff has also noticed Cole Crittenden, who will have limited information relevant to the remaining claim for the same reason as Kathleen Deignan; their role was limited to determining the appropriate sanction after the panel determined Plaintiff had violated University rules. That

Plaintiff has chosen to use his allotted depositions on persons with little, if any, relevant information is not reason to grant additional depositions.

Plaintiff also wishes to take a Rule 30(b)(6) deposition, and has provide Defendants a notice that seeks eight broad categories information, divided into over thirty-five sub-categories. Most of the requested information, however, is irrelevant. For example, Plaintiff seeks testimony relating to why Princeton's process, as set forth in the RRR, did not provide for live hearings and cross-examination, and why Princeton opposed proposed changes to federal Title IX regulations. These topics do not relate to Plaintiff's contract claim, which concerns whether Princeton followed *the rules in place at the time of the proceeding*, as set forth in the RRR. There is thus no good cause to allow additional depositions so that Plaintiff can pursue such testimony.

Finally, five additional depositions would be unduly burdensome in terms of the time required of Princeton personnel as well as the associated costs. Rule 30(a)(2)(A) was enacted to control discovery costs and prevent harassment or undue delay, with the purpose of "enabl[ing] courts to maintain a 'tighter rein' on the extent of discovery and to minimize the potential cost of '[w]ide-ranging discovery[.]'" *Alaska Elec.*, 2006 U.S. Dist. LEXIS at *12. The Court's Pre-Trial Order correctly identified the appropriate number of depositions for this relatively small case, which now consists of one contract claim. This Court should stand by that Order and deny Plaintiff's request to expand the number of depositions.

                                           Respectfully,

                                           /s/ Linda Wong
                                           Linda Wong
                                           WONG FLEMING
                                           821 Alexander Road, Suite 200
                                           Princeton, NJ  08543-3663
                                           (609) 951-9520
                                           lwong@wongfleming.com



and


Amanda Shafer Berman (*pro hac vice*)
Eli Berns-Zieve
CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 624-2500
ABerman@crowell.com

*Attorneys for Defendant*