**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**CHAMBERS OF**
**JUSTIN T. QUINN**
**UNITED STATES MAGISTRATE JUDGE**

**CLARKSON S. FISHER FEDERAL**
**BUILDING & U.S. COURTHOUSE**
**402 EAST STATE STREET**
**TRENTON, N.J. 08608**
**609-989-2144**

October 7, 2024

<u>**LETTER ORDER**</u>

Re:    *John Doe v. Princeton University,*
       <u>Civil Action No. 22-5887 (RK) (JTQ)</u>

Dear counsel:

Before the Court is Plaintiff's request for permission to enlarge the current number of permissible depositions "to [a] total 12." (ECF No. 69). This is two more than permitted by the Federal Rules and five more than what the operative Scheduling Order provides. Plaintiff claims the "documents Princeton . . . produced . . . has revealed the need to depose all eight of th[e] administrators, as well as two high-level Princeton administrators who[] . . . were actually involved in the decisionmaking [sic] process." *Id.* The Court will grant the request because it is supported by good cause—and nothing Defendant argues alters that conclusion.

Defendant first contends that the additional depositions would be "unduly burdensome" and yield little, "if any, relevant information." (ECF No. 70). These are "assumptions," which neither the Court nor "[c]ivil litigants are . . . to rely upon." *Western Pa. Electrical Employees Pens. Fund v. Alter*, 2013 WL 4803564, at *4 (E.D. Pa. June 26, 2013). Defendant's arguments also are fundamentally misplaced. Each of the individuals Plaintiff seeks to depose had a role in the underlying events that led to this litigation. They are the accuser whose testimony allegedly changed and the individuals who investigated the accusations, took part in the decision-making process (including appeals), and blessed Plaintiff's sanction. Sure, there *may* be slight overlap in testimony, but that is true of many cases. And that possibility pales in comparison to the *strong likelihood* that each deponent will have an independent recollection of events and individualized information relevant to the issues in dispute. This weighs strongly in Plaintiff's favor.[1]

Defendant also tries to narrow what is at issue, positing that the "remaining case" is "limited [in] scope." (ECF No. 70 at 3). This fares no better. While Defendant is entitled to frame the case as it sees fit (every litigant does), the undersigned does

---

[1] Plaintiff's request is not premature given the tight discovery schedule in this case. And because the issue inevitably will resurface in short order, the Court elects to address the issue now.

not view Plaintiff's allegations so narrowly. Nor did Judge Kirsch when he denied Defendant's motion to dismiss. *See Doe v. Princeton Univ.*, 2023 WL 8755232, at *10-11 (D.N.J. Dec. 19, 2023) (citing Complaint). And it is both Plaintiff's allegations and Judge Kirsch's well-reasoned decision that demonstrate conclusively that each of the individuals Plaintiff seeks to depose fall squarely within Rule 26's "broad" relevancy boundaries. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). To that end, Plaintiff has every right to obtain testimony from the individuals who, in Plaintiff's view, played a part in the alleged breach of contract. *See Occidental Chem. Corp. v. 21st Century Fox Am., Inc.*, 2020 WL 1969898, at *4 (D.N.J. Apr. 24, 2020) ("The purpose of discovery is to investigate the facts about the claims . . . in the pleadings.").

\*                     \*                     \*

For the foregoing reasons, Plaintiff's application (ECF No. 69) is granted. Plaintiff is permitted to depose the individuals identified in his September 25 submission.

**SO ORDERED.**

**s/ Justin T. Quinn**
**Hon. Justin T. Quinn, U.S.M.J.**

2