

LINDA WONG
Member of NJ, PA, NY, VA & DC Bars
lwong@wongfleming.com

December 2, 2024

**VIA ECF**
Honorable Justin T. Quinn, U.S.M.J.
U.S. District Court, District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

Re:   *Doe v. Princeton University*, et al., Civil Case No. 3:22-cv-05887-RK-JTQ,
      <u>Response to Plaintiff's Request to Compel a Rule 30(b)(6) Deposition Witness</u>

Dear Judge Quinn:

Plaintiff has already noticed and taken the deposition of 10 Princeton administrators. Plaintiff nonetheless seeks institutional testimony, and has noticed a 30(b)(6) deposition listing 8 topics, several with as many as 7 subparts (*see* Ex. A). Princeton agreed to provide testimony on topics 1-5, and that deposition is scheduled to take place this week. But Plaintiff overreaches by seeking to pose questions to the 30(b)(6) deponent on topics 6-8 (the "Topics"). As explained below, those topics, addressing the reasoning behind Princeton's rules and Princeton's responses to and views on changes in the Department of Education's Title IX regulations, are beyond the scope of—and indeed entirely irrelevant to—Plaintiff's sole remaining claim for breach of contract.[1] Discovery may be broad, but it "is not so liberal as to allow a party to roam in shadow

---

[1] Topic No. 8 seeks testimony regarding "Princeton's endorsement of comments to the 2018 Notice of Proposed Rulemaking that expressed disapproval of live hearings with cross-examination," but Plaintiff's letter request rephrases this to seek testimony "on Princeton's public opposition in 2019…to proposed federal rulemaking that would require live hearings with cross-examination." This only serves to underscore the vagueness and potential breadth of this Topic. Regardless, comments on regulations that took effect *after* Plaintiff's disciplinary proceeding are not relevant.

821 ALEXANDER ROAD, SUITE 200 ◆ P.O. BOX 3663 ◆ PRINCETON, NJ 08543-3663
TEL: (609) 951-9520 ◆ FAX: (609) 951-0270
**WWW.WONGFLEMING.COM**

CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ ILLINOIS ◆ INDIANA ◆ MICHIGAN
NEW JERSEY ◆ NEW YORK ◆ PENNSYLVANIA ◆ TENNESSEE ◆ TEXAS ◆ WASHINGTON
ATTORNEYS ADMITTED SOLELY IN THE JURISDICTION WHERE LISTED OFFICE IS LOCATED, UNLESS OTHERWISE NOTED

zones of relevancy and to explore matter which does not appear germane merely on the theory that it might become so." *Ross-Tiggett v. Reed Smith, LLP*, No. 15-8083 (JBS/AMD), 2019 WL 13249702, at *2 (D.N.J. Mar. 26, 2019) (quotation omitted).

Plaintiff asserts the Topics are relevant because they "relate to whether Princeton has an institutional bias in favor of sexual assault complainants and whether that bias influenced its regime for investigating and resolving those claims." ECF No. 82 at 1. He further asserts this "culture of pro-complaint bias" could have "motivated the adoption of actual procedures used to resolve Title IX claims." *Id.* at 4. This goes well beyond the scope of Plaintiff's breach of contract claim. The only question remaining before the Court is whether Princeton violated its "contract" with Plaintiff, the RRR. Answering that question requires the Court to assess whether, in conducting Plaintiff's disciplinary proceeding, Princeton substantially deviated from the RRR. *See Doe v. Princeton Univ.*, 790 F. App'x 379, 385 (3d Cir. 2019). Absent allegations that the contract is ambiguous, the policy or reasoning behind its terms is not relevant. *See Kruse v. JP Morgan Chase Bank, N.A.*, No. 23-4530 (ES) (MAH), 2024 WL 3912982, at *7 (D.N.J. Aug. 23, 2024) ("Under New Jersey law, contracts should be construed according to their plain and ordinary meaning" and their terms "must be given effect without reference to matters outside the contract.").

Trying to avoid the disconnect between the Topics and his claim, Plaintiff suggests that Princeton's alleged "institutional bias" is "circumstantial evidence a factfinder could consider in weighing whether Mr. Doe's panel acted with bias." ECF 82 at 4. Plaintiff does not explain how that very subjective approach to applying the RRR's terms would work—or how it can be squared with basic contract law. Even were the RRR the product of institutional bias, so long as Princeton did not substantially deviate from it, Princeton is not liable for breach of contract. *See*

*Princeton Univ.*, 790 F. App'x at 385. The Topics are thus not relevant—even as "circumstantial evidence."

The lone case Plaintiff cites to support his argument does not help him. Plaintiff claims that *Roebuck v. Drexel University*, 852 F.2d 715 (3d Cir. 1988), indicates that testimony regarding a "culture of pro-complainant bias" at Princeton would be relevant to his contract claim. *See* ECF 82 at 4. It does not. Roebuck addressed a *Section 1981 discrimination claim*, and the university president who allegedly made a biased statement was a "key decisionmaker" with "direct involvement in the process." *Roebuck*, 852 F.2d at 733. *Roebuck* thus suggests only that individual panel members' statement and actions—which Plaintiff has explored in depth here by deposing all three investigative panel members, all three appeals panelists, and both administrators who determined Plaintiff's sanction (not to mention Princeton's Title IX Coordinator and former Title IX Director)—might be relevant to determining whether the panel breached the RRR's requirement that it proceed impartially and without bias. But a fishing expedition for evidence of bias in *enacting the University's rules* is neither necessary nor appropriate where the question before the Court is simply *whether the University complied with those rules*. *See Princeton Univ.*, 790 F. App'x at 385 ("[F]or contract claims relating to discipline for misconduct, courts will examine whether 'the institution violate[d] in some substantial way its rules and regulations.'"). Rather, Plaintiff's attempt to obtain testimony about alleged *institutional* bias is a transparent attempt to revive his dismissed Title IX claim. The Court should not permit this.

The Court should deny Plaintiff's request for two additional reasons. *First*, Plaintiff has already questioned senior Princeton administrators about the Topics—including the only two individuals Princeton might designate to testify about those Topics were the Court to require the University to provide Rule 30(b)(6) testimony. *See, e.g.*, Ex. B, Minter Dep. Tr. (Rough) at

3

21:14–36:19 (questioning Princeton's Title IX Coordinator at length about why Princeton did not hold live hearings and why Princeton applied a preponderance of the evidence standard (Topic 7)), 36:20–55:22 (questioning about the drafting and implementation of RRR Section 1.3); Ex. C, Crotty Dep. Tr. at 290:22–298:4 (questioning Princeton's former Title IX Director about the pros and cons of live hearings). Duplicative testimony on these topics is not warranted.

Second, much of the information covered by Topics 6-8 involves information protected by the attorney-client and work product privileges. The University's Office of the General Counsel and outside legal counsel were consulted during the drafting of the applicable University policies, as these policies needed to take into account federal and state regulations. Thus, even were the Court to order the University to prepare a witness on these topics, such testimony sought likely would be privileged.

For all these reasons, Princeton respectfully requests that the Court deny Plaintiff's letter request to produce a Rule 30(b)(6) witness to testify about the Topics.

    Respectfully submitted,

    WONG FLEMING

    /s/ Linda Wong
    Linda Wong
    821 Alexander Road, Suite 200
    Princeton, NJ 08540
    lwong@wongfleming.com

    CROWELL & MORING LLP

    /s/ Amanda Shafer Berman
    Amanda Shafer Berman (*pro hac vice*)
    Eli Berns-Zieve (*pro hac vice*)
    1001 Pennsylvania Ave., N.W.
    Washington, D.C. 20004
    aberman@crowell.com
    eberns-zieve@crowell.com

cc:    All Counsel of Record (via ECF)