# EXHIBIT B

```
                                                          Page 1
 1              UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW JERSEY
 2                     (Trenton)
 3
                 Civil Action No.:  3:22-cv-05887(RK)(JTQ)
 4
 5
      JOHN DOE,                  :
 6
                 Plaintiff,      :      DEPOSITION OF:
 7
           v.                    :      COLE M. CRITTENDEN, PhD
 8
      PRINCETON UNIVERSITY,      :
 9
                 Defendant.      :
10
      X------------------------X
11
12
13
14         TRANSCRIPT of the testimony as taken by and
15     before CHERYL McGANN, a Certified Court Reporter of
16     the State of New Jersey, held from multiple
17     locations via Zoom Teleconference, on Thursday,
18     October 3rd, 2024, commencing at 10:33 in the
19     forenoon.
20
21
22
23
24
25
```

Page 2

1  A P P E A R A N C E S :
2  (All parties remote)
3
   DILLON PLLC (DC)
4  BY:  CHRISTOPHER C. MUHA, ESQ.
   1717 K Street NW, Suite  900
5  Washington DC 20006
   202-787-5871
6  cmuha@dillonpllc.com
   Attorneys for the Plaintiff
7
8  CROWELL & MORING LLP
   BY:  AMANDA BERMAN, ESQ.
9  1001 Pennsylvania Avenue NW
   Washington DC  20004
10 202-624-2500
   aberman@crowell.com
11 Attorneys for the Defendant
12
13 ALSO PRESENT:
14 CHELSEA GILCHRIST, VIDEOGRAPHER
15 JUSTIN DILLON, ESQ.
   KIMBERLY BLASEY, ESQ.
16 ELI BERNS-ZIEVE, ESQ.
17
18
19
20
21
22
23
24
25

Page 22

1     that, never mind.
2          Did you consider in your decision at all
3     what you viewed to be the strength of the evidence
4     against John Doe?  Was that a relevant factor in
5     your are calculus?
6        A.   Not entirely.  In other words, the role that
7     Kathleen Deignan and I played was not to make
8     determinations about strength of evidence; but,
9     rather, once those determinations have been made
10    and a panel has determined responsibility, to then
11    assign an appropriate penalty.
12       Q.   Uh-huh, but so would you -- would you
13    sanction someone the same if you were, let's say,
14    95 percent convinced of their guilt as opposed to,
15    say, 51 percent, which would satisfy the preponderance
16    of evidence standard?
17            MS. BERMAN:  Objection to form.
18       A.   I probably would because my part in the
19    process was not to make the kind of determination
20    that you just described.  My part in the process was
21    to receive a decision that a panel had made based
22    on our standard of evidence and based on all of the
23    evidence that they had looked at; and then, once
24    having received that decision, to assign an
25    appropriate penalty but not to second guess their