**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| **CHAMBERS OF**<br>**JUSTIN T. QUINN**<br>**UNITED STATES MAGISTRATE JUDGE** | **CLARKSON S. FISHER FEDERAL**<br>**BUILDING & U.S. COURTHOUSE**<br>**402 EAST STATE STREET**<br>**TRENTON, N.J. 08608**<br>**609-989-2144** |

February 18, 2025

**<u>LETTER ORDER</u>**

Re:   *John Doe v. Princeton University,*
        <u>Civil Action No. 22-5887 (RK) (JTQ)</u>

Dear counsel:

On December 6, 2024, Plaintiff filed a letter with the Court requesting an order compelling Defendant to produce records from other disciplinary cases "where [Defendant] handed down a term of suspension or 48-months of probation for a substantiated complaint of non-consensual sexual contact." (ECF No. 86 at 1). Plaintiff contends "[t]hese records are relevant and discoverable in light of the allegations in [Plaintiff's] Complaint that his sanction . . . was evidence that [Defendant] did not really think a preponderance of evidence supported his conviction[.]" (*Id.* at 3). The Court disagrees and finds Plaintiff's relevance argument flawed for two independent reasons, each of which requires the denial of Plaintiff's application.

As a preliminary matter, the fact-finding phase of Plaintiff's investigation was wholly distinct from the sanctioning phase. And the individuals who imposed the sanction (*i.e.*, Kathleen Deignan and Cole Crittenden) neither applied the preponderance standard nor analyzed whether the "evidence supported [the] conviction." (*Id.*). As Ms. Deignan's deposition testimony makes plain: "That was not [their] role" (ECF No. 87-1 at 5 of 5). They *only* were responsible for "assign[ing] an appropriate penalty." (ECF No. 87-2 at 4 of 4). Plaintiff's allegations prove this point and draw a bright line between each phase, as well as what each body was responsible for during the phase. Indeed, "claims of sexual misconduct were both investigated and adjudicated by the same body—specifically, a three-person investigative panel of University administrators and/or investigators who would both conduct an inquiry and determine, by a preponderance of evidence, whether th[e] policy was violated." (Compl. ¶ 45). If a violation was found, "the dean of undergraduate students and the deputy dean for academic affairs of the Graduate School" then "jointly determine[d] the penalty." Based on Plaintiff's allegations and Defendant's sworn deposition testimony, it is irrefutable (on this record) that the individuals who levied the sanction never considered the preponderance standard, nor determined whether the "evidence supported [the] conviction." (ECF No. 86 at 3). This dooms Plaintiff's request.

   But Plaintiff's argument suffers from a separate, more fundamental problem. Namely, Plaintiff's allegations for breach of contract center on the alleged procedural unfairness that Plaintiff supposedly experienced at the hands of the "panel" that investigated Roe's allegations, assessed Doe's and Roe's "credibility," and made "finding[s]," (Compl. ¶¶ 23, 24), which Plaintiff believes were "arbitrary and capricious, without a reasoned basis, and were the products of [a] pre-determined bias in favor of Roe." (*Id.* ¶ 331). Indeed, Plaintiff's Complaint is replete with specific allegations detailing the alleged deficiencies that infected the investigatory and fact-finding phases that Plaintiff complains breached his contract with Defendant. (*See, e.g.*, *Id.* ¶¶ 26, 27, 104-05, 108, 235, 241, 249, 252, 279, 299, & 306-08). The same cannot, however, be said for the sanction phase, which is barely discussed in Plaintiff's pleading (*see, e.g.*, *id.* ¶¶ 29, 247, & 311) and is *never* even mentioned in the allegations supporting Plaintiff's breach of contract claim. (*See id.* ¶ 322-337). This likewise undercuts Plaintiff's relevance argument and application for the requested documents, since, as Defendant persuasively argues, it appears "Plaintiff's stated breach of contract claim relates solely to the work of the investigating panel, and not the work of the sanctioning panel." (ECF No. 87 at 2).

   For these reasons, Plaintiff's application is denied.

                  **SO ORDERED.**

                  **s/ Justin T. Quinn**
                  **Hon. Justin T. Quinn, U.S.M.J.**