

LINDA WONG
Member of NJ, PA, NY, VA, GA and DC Bars

lwong@wongfleming.com

April 15, 2025

**VIA ECF**

The Honorable Justin T. Quinn
U.S. District Court, District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

      Re: **Doe v. Princeton Univ., et al.**
          Civil Case No. 3:22-cv-05887
          *Response to Doe's Proposed Topics and Sample Questions for Jane Roe's Deposition*

Dear Judge Quinn:

For the following reasons, Princeton objects to the Plaintiff's *Proposed Topics and Sample Questions for Jane Roe's Deposition* and requests that the Court strike Topics 3, 4, 5, 6, and 8.

**Summary of Objections**

Your Honor's March 25th Order ("Order") limits Roe's deposition to Doe's contention that "the University failed to provide an impartial, unbiased, and adequately trained panel," recognizing this case is limited to "only the breach of contract claim" addressing whether Princeton's process complied with its rules. ECF 95 at 4, 14. Doe's proposed questions go well beyond this by:

- Asking Roe about how the Panel addressed claimed changes in her testimony and assessed her credibility. Roe cannot speak to how the Panel viewed her or responded to her testimony, and Doe posed these questions to the Panel.

- Asking Roe about other witnesses' testimony and claimed conflicts between Roe and other witnesses. This has nothing to do with Roe, she has no way of knowing how others testified, and Doe posed these questions to the Panel.

821 ALEXANDER ROAD, SUITE 200 ⬧ P.O. BOX 3663 ⬧ PRINCETON, NJ 08543-3663
TEL: (609) 951-9520 ⬧ FAX: (609) 951-0270
**WWW.WONGFLEMING.COM**

CALIFORNIA ⬧ FLORIDA ⬧ GEORGIA ⬧ ILLINOIS ⬧ INDIANA ⬧ MICHIGAN
NEW JERSEY ⬧ NEW YORK ⬧ PENNSYLVANIA ⬧ TENNESSEE ⬧ TEXAS ⬧ WASHINGTON
ATTORNEYS ADMITTED SOLELY IN THE JURISDICTION WHERE LISTED OFFICE IS LOCATED, UNLESS OTHERWISE NOTED



- Asking Roe about what she told the Panel and how the Panel responded. Plaintiff is trying to do exactly what this Court said it should not: re-interview Roe about the assault and the substance of her prior testimony.

Princeton understands the Court ruled that Roe may be asked "whether certain questions were asked of her by Princeton" and about "her experience during the disciplinary process." *Id*. at 14. But consistent with the limitations the Court imposed, Roe should not be asked *what* she told the Panel, to make assumptions about statements by other witnesses, or to speculate about how the Panel assessed information Roe provided. And Roe should not be asked to provide such testimony based on a decision in another case that Plaintiff did not raise in briefing or argument.

## Objections to the Proposed Topics

I. **The Court Should Strike Topics 3, 4, and 5 as an improper and untimely attempt to bypass the Court's order limiting the scope of Roe's testimony.**

Doe concedes that the Court's Order limits Roe's deposition to "his contention that the University failed to provide an 'impartial, unbiased, and adequately trained panel.'" ECF 97 at 1-2 (quotations omitted). But in the next sentence Doe seeks to sidestep this limitation, asserting that the Third Circuit's opinion in *Princeton III* means he can *also* question Roe regarding "three non-exclusive categories" of information, including Roe's "motivation to lie." *Id*. Doe's late invocation of *Princeton III* is improper, wrong on the substance, and another attempt to redo Princeton's disciplinary investigation. The Court should reject Doe's expansive revision of its Order and strike Topics 3, 4, and 5, each of which is premised on *Princeton III*. *See* ECF 97 at 3-4.

The Court's Order "advise[d] the Parties that arguments raised for the first time during oral argument will not be entertained." ECF 95 at 12 n.2 (citations omitted). Doe immediately ignores this limitation and requests that he be permitted to ask Roe about topics related to other

2



aspects of his claim not raised in response to the Motion to Quash. The parties completed briefing on that Motion in November, and Doe's brief makes no mention of *Princeton III*. *See* ECF 79-1. The Court held argument in February and issued its Order in March. Yet *now* Doe posits that he should be permitted to depose Roe about "three non-exclusive categories" that he asserts, for the first time, are relevant to his breach of contract claim. Neglecting to raise an argument in briefing is one thing, but raising a novel argument *after* argument and issuance of an order is a step too far, and one this Court—having already warned Doe—should not allow.

Doe cannot argue that he had no reason to raise this argument until the Order limited the scope of Roe's deposition. One of the three primary cases on which Doe relied to oppose quashing Roe's deposition limited a deposition in much the same way.[1] And this Court stated, at argument, that Roe's deposition would not go forward unfettered. Doe thus had ample opportunity to raise *Princeton III* and its "three non-exclusive categories" as reason to allow broader questioning. By raising this issue now, Doe is essentially requesting reconsideration of the Court's Order, without any showing that the standard for reconsideration is met. *See* Local Civil Rule 7.1(i).

In any event, Doe's reliance on *Princeton III* is misplaced. *Princeton III* was an appeal of a motion to dismiss.[2] In overturning dismissal, the Third Circuit pointed to certain allegations as sufficient basis to sustain Title IX and other claims.[3] Doe misconstrues this to mean he can

---

[1] Doe's opposition relied heavily on *Doe v. Lynn University*, where the "Magistrate Judge ordered Doe to submit for review any and all questions that Doe planned to ask Mary Roe during her deposition." 2017 WL 275448, at *4 (S.D. Fla. 2017); ECF 79-1 at 12-13 (analyzing *Lynn Univ.*).

[2] *Doe v. Princeton Univ.*, 30 F.4th 335, 340-41(3d Cir. 2022).

[3] *Id.* at 343-49.

depose Roe on these topics. Not so. That the Third Circuit assessed the allegations in weighing a motion to dismiss is unremarkable; Rule 12(b)(6) so requires. What the Third Circuit did *not* do is consider "annoyance, embarrassment, oppression, or undue burden or expense"—the factors courts consider when assessing a proposed protective order under Rule 26(c). This too is unremarkable, since *Princeton III* did not address a deposition subpoena. What *is* remarkable is Doe's assertion that a Rule 12(b)(6) analysis in a different case binds this Court's Rule 26(c) decision.

The Court should strike Topics 3, 4, and 5 because they are premised on Plaintiff's baseless and untimely assertion that an appellate decision regarding a motion to dismiss in a different case somehow expands the limited scope of testimony this Court found appropriate. But if the Court needs additional reasons, the specifics of Doe's proposed topics and sample questions supply them.

**II.    The Court should disallow Topics 3, 4, 5, and 6 because they are not related to the issue the Court allowed testimony on: the disciplinary panel's process.**

This Court was clear that the only subject on which Roe can be asked to testify is the Panel's process, and only as relevant to Doe's claim that the Panel was not impartial, unbiased, or well trained. ECF 95 at 14. The Court was equally clear that "[t]his lawsuit is not an opportunity for Plaintiff to relitigate *de novo* the underlying disciplinary proceeding." *Id.* at 12. But that is what Plaintiff seeks to do through Topics 3, 4, 5, and 6. Doe tries to frame the Topics as about "the Panel's Questions," but the sample questions betray that he would have Roe re-hash the substance of her prior testimony and respond to assertions that her testimony changed or conflicted.

- **Topic 3** is described as "the Panel's Questions About *Changes in [Roe's] Testimony and Her Credibility*." This goes beyond Roe's experience with the

4

Panel's process and impartiality. Question 2, for example, asks "when you changed from saying the oral sex *followed* the vaginal sex to saying it *preceded* it, how much did the panel question you about that? What did they ask you about that change in your story?" This requires Roe to agree that she changed her story and address the order of individual sex acts. This does not bear on the panel's impartiality, but rather attempts to undermine Roe's credibility.

- **Topic 4** is "the Panel's Questions About *Conflicts with Witness Testimony*." Doe's theory is that the panel "overlooked or minimized" factors that undermine "Roe's veracity." ECF 97 at 4. But Roe cannot testify to what the Panel "overlooked." She does not know what the Panel considered. And again, the sample questions focus on the underlying assault, not the Panel's process.

    o Doe wishes to ask Roe, for example, about what she was asked about Student H's report "that you said John Doe held you against the bed, took his pants off, and 'pinned [you] on the bed' and 'forcibly began to rape [you].'" Doe notably does not bother establishing whether Roe remembers *any* questioning regarding Student H.

    o Plaintiff also wants to ask: "You told the panel that you gave John Doe a hickey in order to be get [*sic*] out of his room, but Student F said that oral sex was the action you performed in order 'to get out of there.' What if anything did the panel ask you about this testimony of Student F."[4] This goes far beyond Roe's "experience during the disciplinary process." ECF 95 at 14.

- **Topic 5** is described as "the Panel's Questions to Jane Roe *about the Objective Evidence*." But the questions show that Doe's focus is on Roe's testimony, not the panel's impartiality. *E.g.*, Doe wants to ask *what* the panel asked about Student F's phone records (and then, no doubt, what Roe said in response), not just whether the Panel asked Roe about Student F and his phone records.

---

[4] Topic 4, Question 1; *see also* Topic 4, Question 3 ("You told the panel that John Doe pulled you on top of him to engage in intercourse, but Student I said that you reported John Doe was 'on top of you' and 'wouldn't let you leave.' What if anything did the panel ask you about this testimony of Student I?").

5



- **Topic 6** concerns the "Panel's Questioning *about the Hickeys*." Again, the focus is Roe's testimony, not her experience with the Panel. Doe wants to ask if Roe "recall[s] telling the panel that John Doe asked you for a hickey at the end of the encounter because of an eating club event . . . the next day[.]" This has nothing to do with what the Panel asked Roe or whether it was impartial.

Plaintiff's sample questions thus underscore that these Topics have little or nothing to do with the University's process, but rather are an attempt to re-do that process by questioning Roe (again) about *substance* of the investigation. The Court should strike them.

Finally, most of Doe's sample questions are also objectionable, including because they lack foundation. For example, Questions 2 and 3 in Topic 3 presuppose that Roe "changed from saying" one thing to another. Question 3 in Topic 8 asserts that "Student H changed his testimony"; Roe has no way of knowing if that is true. These are exactly the sort of questions that Princeton feared Plaintiff would try to ask Roe, and they are not appropriate when the Court's Order limited the deposition to Roe's experience with the Panel's process. In addition to striking Topics 3, 4, 5, 6, and 8, the Court should clarify that Doe's questions must not presume Roe or other witnesses changed their testimony, or ask Roe to testify about the underlying assault.

**III.     The Court Should Strike Topic 8**

Topic 8 is also improper and should be struck, but for a different reason. As this Court said: "Doe's allegations for breach of contract center on the alleged procedural unfairness that Doe supposedly experienced *at the hands of the 'panel'* that investigated Roe's allegations[.]" ECF 92 at 2. Topic 8 nevertheless seeks to question Roe "about Her Interactions with *Non-Panelists*." ECF 97 at 5 (emphasis added). Topic 8 is thus irrelevant to Doe's contract claim and should be struck.



## CONCLUSION

Princeton respectfully requests that the Court strike Topics 3, 4, 5, 6 and 8.

Dated: April 15, 2025

        Respectfully submitted,

WONG FLEMING, P.C.
/s/ *Linda Wong*
Linda Wong
821 Alexander Road, Suite 200
Princeton, NJ 08540
lwong@wongfleming.com

CROWELL & MORING LLP

/s/ *Amanda Shafer Berman*
Amanda Shafer Berman (*pro hac vice*)
Eli Berns-Zieve (*pro hac vice*)
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
aberman@crowell.com
eberns-zieve@crowell.com

*Counsel for Defendant*

cc: All Counsel of Record (via ECF)