# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN DOE,<br>Plaintiff,<br><br>-vs-<br><br>PRINCETON UNIVERSITY,<br>Defendant. | Civil Action No. 22-5887 (RK) (JTQ)<br><br>Hon. Robert Kirsch, U.S.D.J.<br>Hon. Justin T. Quinn, U.S.M.J. |

**BRIEF IN SUPPORT OF CONSENT MOTION TO SEAL EXHIBITS SUBMITTED IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff John Doe ("John"), by and through undersigned counsel, respectfully submits this Brief in Support of Consent Motion to Seal the Exhibits Submitted in Support of his Opposition to Defendant's Motion for Summary Judgment pursuant to Local Civil Rule 5.3.

Each of the exhibits in support of his Opposition contains information that constitutes student education records protected from disclosure under the Family Educational Rights and Privacy Act ("FERPA"); sensitive personally identifying information ("PII"), including references to individuals whose identities have been protected through the use of pseudonyms, *see* ECF No. 38; and/or has been designated as confidential pursuant to the Discovery Confidentiality Order entered by the Court on August 12, 2024, *see* ECF No. 67.

## **BACKGROUND**

This case stems from the University's 2019-2020 response to Jane Roe's claim that John sexually assaulted her in October 2017, when she was a high school student visiting the University, and again in February 2019, when she was a University student. *See* ECF No. 4, ¶ 86. Princeton undertook a formal disciplinary process in response to Roe's report of sexual misconduct. *Id.* ¶¶ 141-314. The University found John responsible for certain of the charges against him and sanctioned him with 48 months' disciplinary probation and censure. *Id.* ¶¶ 299, 311.

Given the nature of the case and the underlying disciplinary proceeding, much of the discovery exchanged by the parties, including the exhibits to John's Opposition to Defendant's Motion for Summary Judgment, includes PII, statutorily protected student records, and documents that have been designated confidential pursuant to the Discovery Confidentiality Order.

## PRELIMINARY STATEMENT

This Court should grant John's Consent Motion to Seal Exhibits containing confidential and personal protected information that John submitted in support of his Opposition, ECF Nos. 121, 122. The exhibits are the same kinds of documents the Court has already ordered sealed in response to the parties' joint motion to seal exhibits in support of their summary judgment motions. *See* ECF No. 119. John submits that these exhibits contain substantial amounts of highly sensitive, personal, and confidential information, including student PII. Public access to these exhibits is not necessary and could result in prejudice to both parties, as well as to non-party witnesses, by exposing them to undue embarrassment, bias, or potential harm.

## ARGUMENT

To seal documents or otherwise restrict public access to materials filed with the court, a movant must demonstrate "good cause" for the protection of the material at issue. *Allen v. Whitebridge Condo. Assoc., Inc.*, 2016 WL 7462547, at *6 (D.N.J. Dec. 28, 2016) (citing *Securimetrics, Inc. v. Iridian Techs., Inc.*, 2006 WL 827889,

at *2 (D.N.J. Mar. 30, 2006)). "Good cause exists when a party makes a particularized showing . . . that the information is confidential in nature and that allowing the general public [ ] access [ ] will cause a specific and serious injury." *Id.* (holding that an investigative report involving allegations of child neglect met this standard). Local Civil Rule 5.3 lists the following six factors for courts to consider in weighing a request to seal documents:

a) the nature of the materials or proceedings at issue,

b) the legitimate private or public interests which warrant the relief sought,

c) the clearly defined and serious injury that would result if the relief sought is not granted;

d) why a less restrictive alternative to the relief sought is not available;

e) the existence of any prior order sealing the same materials in the pending action; and

f) the identity of any party or nonparty known to be objecting to the sealing request.

L. Civ. R. 5.3(c)(3). Each of these factors favors sealing the requested Confidential Exhibits.

### A. <u>Nature of the materials at issue</u>

The exhibits sought to be sealed relate to two alleged sexual assaults and contain sensitive and detailed descriptions of the events leading up to, during, and after the alleged incidents. The exhibits—including documents regarding the University's investigation and deliberative process, witness interviews, images, and

4

other records reviewed during the disciplinary proceeding—contain highly intimate (and potentially embarrassing) details concerning multiple individuals; identifying details of John and the complainant, both of whom have been granted "doe" status, *see* ECF No. 38; and identifying details of other students and third parties.

### B. The Parties' legitimate private and public interests and the injuries that would result absent sealing

Both Princeton and John have a strong interest in protecting the confidentiality of the underlying sexual misconduct proceedings and reports produced through that process—both privately, to protect student identities and health information, and publicly, to encourage students and other members of the campus community to participate as witnesses in campus disciplinary proceedings without fear that their personal information could one day be disclosed to the public.

Further, John has a privacy interest in ensuring his sensitive PII be kept confidential. Many of the exhibits include very personal information specific to John, as well as details of the sexual encounters he had with Roe.

Moreover, FERPA's protection of student PII constitutes a legitimate public interest in granting the request to seal the exhibits. For example, in a case involving a university's investigation of sexual misconduct charges, the court granted a request to seal a disciplinary hearing transcript, finding FERPA established a compelling interest in protecting the personally identifiable information of the student who had filed the misconduct charge. *See Painter v. Doe*, 2016 WL 3766466, at *4–6

(W.D.N.C. July 13, 2016). *See also Brown v. Univ. of Kan.*, 599 F. App'x 833, 839 (10th Cir. 2015) (ordering continued sealing of redacted records of non-party students because "these students have a strong interest in preventing the disclosure of their personally identifiable information" under FERPA); *Doe v. Univ. of the S.*, 2011 WL 1258104, at *12 (E.D. Tenn. Mar. 31, 2011) (granting leave to seal certain "personally identifiable" information contained in "education records" within the meaning of FERPA). Additionally, this Court has already granted relief to seal similar kinds of papers. *See* ECF No. 119 (Order granting the Parties' Joint Motion to Seal Certain Exhibits Submitted in Support of Parties' Motions for Summary Judgment).

The exhibits are replete with personal information that merits protection through sealing, including details of alleged sexual encounters, intimate details of emotional health of John, and allegations of sexual assault, the public disclosure of which is potentially damaging to John and Roe. Accordingly, like the documents in the cases noted above, these exhibits contain information warranting the protection of an order to seal.

Finally, the protection of the identities of all students involved in the University's investigation and resolution of sexual misconduct complaints is important to Princeton's efforts to encourage students and community members to participate as witnesses in campus disciplinary proceedings. Princeton has an

6

institutional interest in protecting the privacy of its current and former students involved as witnesses in sexual misconduct proceedings and the confidentiality of the proceedings generally. Fear of disclosure—of both identity and the content of what witnesses disclose—could chill the voluntary participation and candor of students in this process.

### C. A less restrictive alternative to sealing is not available

There is no less restrictive alternative to the relief sought. The exhibits contain highly sensitive material throughout, and some are records statutorily protected from disclosure. The nature of the content is such that redaction is not a feasible solution, as the sensitive material is interwoven throughout the entirety of each exhibit.

Given the number and volume of the exhibits and that they are all replete with confidential, personal identifying, or otherwise protected information, redaction would be extremely burdensome and impractical. Accordingly, John submits that sealing each of the exhibits in full is the only means by which to protect the privacy of both the parties and non-party individuals.

### D. Prior orders sealing document in pending action

There have been no prior orders sealing the exhibits. However, this Court granted John's Motion to Seal his Complaint, *see* ECF No. 34, and a Discovery Confidentiality Order was entered on August 12, 2024, which governs the confidentiality of discovery materials and supports the relief sought herein, *see* ECF

No. 67. In addition, on May 26, 2023, the Court granted John's request to proceed using pseudonyms, recognizing the sensitive nature of the allegations and the need to protect the identities and privacy interests of the individuals involved. *See* ECF No. 38. And the Court granted the Parties' Joint Motion to Seal Certain Exhibits Submitted in Support of Parties' Motions for Summary Judgment. *See* ECF No. 119. These prior rulings underscore the appropriateness of sealing the exhibits at issue in this motion.

### E. Objections to the sealing request

The Defendant consents to relief sought in this motion. John does not believe that any third party referenced in the exhibits would object to sealing.

### CONCLUSION

For the above reasons, good cause exists to seal the exhibits attached to Plaintiff's Opposition to Defendant's Motion for Summary Judgment. The Court should therefore grant this Motion to Seal.

Dated: November 20, 2025          Respectfully submitted,

/s/ *Jamie Hoxie Solano*

Jamie Hoxie Solano
**DYNAMIS LLP**
NJ Bar No. 426422024
200 Connell Drive
Berkeley Heights, NJ 07922
973-295-5495

8

jsolano@dynamisllp.com

Justin Dillon (*pro hac vice*)
Christopher C. Muha (*pro hac vice*)
Kimberly Blasey (*pro hac vice*)
**DILLON PLLC**
1717 K Street NW, Suite 900
Washington, D.C. 20005
jdillon@dillonpllc.com
cmuha@dillonpllc.com
kblasey@dillonpllc.com

*Attorneys for John John Doe*

# CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2025, a true and correct copy of the foregoing was furnished to all counsel of record.

    /s/ *Jamie Hoxie Solano*
Jamie Hoxie Solano, Esq.