UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN DOE,<br><br>Plaintiff,<br><br>v.<br><br>PRINCETON UNIVERSITY,<br><br>Defendant. | Civil Action No. 22-5887 (RK) (JTQ)<br><br>**ORDER** |

**THIS MATTER** comes before the Court upon cross-motions for summary judgment filed by Plaintiff John Doe and Defendant The Trustees of Princeton University (improperly pleaded as "Princeton University"). (ECF Nos. 113, 115.) Each party also filed both opposition and reply briefing. (ECF Nos. 120, 121, 125, 127.) The Court has considered the parties' submissions, and as stated on the record on December 10, 2025, resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1; and

it appearing that Federal Rule of Civil Procedure 56 provides that the Court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law;" Fed. R. Civ. P. 56(a); and

it appearing that the Court must "view[] the facts in the light most favorable" to the non-moving party, *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)); and

it appearing that "[i]n considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the nonmoving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his

favor,'" *Marino*, 358 F. 3d at 247 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)); and

it appearing on the face of the parties' voluminous submissions that they dispute a significant number of the facts averred by their adversaries; and

it appearing, that as the Court found on the record on December 10, 2025,[1] questions of genuine material fact do exist with respect to the remaining breach of contract claim against Defendant, including Defendant's application of the preponderance of the evidence standard and its provision of an impartial, unbiased, and adequately trained investigatory personnel, making this matter unsuitable for summary judgment;

**IT IS** on this 11th day of December, 2025,

**ORDERED** that the cross-motions for summary judgment filed by both Plaintiff and Defendant (ECF Nos. 113, 115) are **DENIED**; and it is further

**ORDERED** that the Clerk of the Court **TERMINATE** the motions pending at ECF Nos. 113 and 115.

                                                                             **ROBERT KIRSCH**
                                                                             **UNITED STATES DISTRICT JUDGE**

---

[1] With respect to breach of contract claims in the student disciplinary context, "New Jersey law requires at least that the school follow its own established procedures, and that those procedures be fundamentally fair." *Doe v. Princeton Univ.*, 30 F.4th 335, 346 (3d Cir. 2022) (citations omitted). As an example of a genuine dispute of material fact here, the parties contest whether a comment emailed by investigator Walter Wright to the investigatory panel evidenced bias against Plaintiff during the course of the investigation. (ECF No. 115-1 at 31–32; ECF No. 120 at 33); *see Doe*, 30 F.4th at 348 (noting allegations of unfairness "suggest that Princeton failed to provide Doe the promised fair and impartial proceeding"). Consideration of the weight that facts like this should be given is within the exclusive province of the fact finder, and it is inappropriate for the Court to consider at this summary judgment stage. *Marino*, 358 F. 3d at 247; *Merrill Lynch Bus. Fin. Servs., Inc. v. Kupperman*, No. 06-4802, 2007 WL 2306737, at *2 (D.N.J. Aug. 8, 2007) ("At the summary judgment stage, however, the Court may not weigh the evidence or make credibility findings, which is the work of the fact finder." (citing *Petruzzi's IGA v. Darling–Del.*, 998 F.2d 1224, 1230 (3d Cir. 1993))).